THE GRAMATAN NATIONAL BANK AND TRUST COMPANY OF
BRONXVILLE *vs.* CECIL E. MONTGOMERY & another.

Middlesex.    October 4, 1961. — November 3, 1961.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Bills and Notes,* Expenses of collection, Attorney's fees.

A provision for payment of attorney's fees, appearing in a promissory
note only in a clause "If any instalment of this note is not paid when
due the entire unpaid amount hereof shall immediately become due and
payable, and if permitted by law, undersigned jointly and severally
authorize any attorney at law to appear in any court of record in the
United States for undersigned, and confess judgment for such amount
as may appear to be unpaid hereon at maturity, together with interest
and reasonable attorney's fees, in favor of the holder hereof," was
unenforceable by the holder in an action upon the note against the
makers.

CONTRACT.    Writ in the District Court of Natick dated
August 4, 1955.

Upon removal to the Superior Court the action was heard
for assessment of damages by *Lurie,* J.

*Elliott M. Davidson,* for the defendants.

No brief nor argument by the plaintiff.

WILKINS, C.J.    The defendants in this action of contract
to recover upon a promissory note were defaulted when the
case was called for trial.    Later at a hearing for the assess-
ment of damages the defendants' counsel made the limited
contention that the plaintiff was not entitled to attorney's
fees.    The judge denied the defendants' requests for rul-
ings, and found for the plaintiff for the amount due on the
note with interest and attorney's fees.    The defendants
excepted.

Reasonable attorney's fees may be recovered on an over-
due note which so provides. *Leventhal* v. *Krinsky,* 325
Mass. 336, 341.    See G. L. (Ter. Ed.) c. 107, § 24;[1] 17

_____

[1] For notes delivered beginning October 1, 1958, see Uniform Commercial
Code, G. L. c. 106, § 3–106 (e), inserted by St. 1957, c. 765, §§ 1, 21.

A. L. R. 2d 288. The underlying question is whether the note in the case at bar contains such a provision.

The note, dated November 26, 1954, is for the amount of $2,663.40 payable in sixty monthly instalments "with interest from maturity at the highest lawful rate. If any instalment of this note is not paid when due the entire unpaid amount hereof shall immediately become due and payable, and if permitted by law, undersigned jointly and severally authorize any attorney at law to appear in any court of record in the United States for undersigned, and confess judgment for such amount as may appear to be unpaid hereon at maturity, together with interest and reasonable attorney's fees, in favor of the holder hereof . . . ."

There has been no confession of judgment. Indeed such a stipulation in a note or contract is prohibited by statute in this Commonwealth. G. L. (Ter. Ed.) c. 231, § 13A. See *McDade* v. *Moynihan,* 330 Mass. 437, 441–442. The provision for attorney's fees appears only in the part of the note authorizing the confession of judgment. The item of attorney's fees should not have been allowed, and the defendants' requests should have been granted.

*Exceptions sustained.*