AMERICAN SERVICE AND SUPPLY COMPANY, INC. *vs.*
HOMER W. RABY & another.

Suffolk.    December 9, 1964, March 16, 1965. — April 1, 1965.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Bills and Notes,* Expenses of collection, Attorney's fee.  *Practice, Civil,*
Assessment of damages.

In an action to recover a balance due on a promissory note providing
for payment by the makers, the defendants, of "all costs and expenses
of collection including attorney fees of 15% of the amount unpaid," it
was error, after the defendants had been defaulted, to deny a motion
for a counsel fee as provided in the note on the ground that the plaintiff
had presented no evidence in support of the motion.

CONTRACT.    Writ in the Superior Court dated April 30,
1963.

A motion was heard by *Beaudreau,* J.

*Mitchell Mabardi,* for the plaintiff, submitted a brief.

No argument or brief for the defendants.

WILKINS, C.J.    After the defendants, husband and wife,
were defaulted in this action of contract on two promissory
notes, the case came on to be heard on a motion for counsel
fees as provided in the notes.    The motion was denied, and
the plaintiff excepted.    The judge gave no reason for his
ruling, so far as disclosed by the bill of exceptions.    In
response to an order of this court for a statement of any
findings or rulings which he may have made, the judge re-
ports that he ruled as he did because the plaintiff presented
no evidence in support of the motion.    The report recites
that no defendant was present or represented by counsel,
but this was to be expected following a default for failure
to answer.

The notes were made payable to Metropolitan Food Co.
Inc. and assigned to the plaintiff.    The defendants were
sold a food freezer for $649.95 plus $123.40 in finance

charges, totaling $773.35. They made a down payment of $32.95, leaving a balance of $740.40, which is the face amount of the first note. The defendants have been credited with $171.85 on this note, leaving a balance of $568.55. The second note in the face amount of $228.52 was for frozen foods. The defendants have paid $77.13 on this note, leaving a balance of $151.39. When the defendants became in default on their payments on both notes, suit was instituted.

The provision for counsel fees reads: "In the event this note shall not be paid in full when it shall become due, the undersigned agree to pay all costs and expenses of collection including attorney fees of 15% of the amount unpaid, if such are permitted by law."

"The parties to a promissory note may contract for the payment of costs of collection or attorney's fees in case the note is not paid at maturity and is turned over to an attorney for collection. They may contract that in such event the holder may recover a reasonable amount for attorney's fees or an amount to be fixed by a definite per cent of the principal or the principal and interest then due on the note." *Leventhal* v. *Krinsky,* 325 Mass. 336, 341. See *Rockland-Atlas Natl. Bank* v. *Murphy,* 329 Mass. 755, 759–760; *Gramatan Natl. Bank & Trust Co.* v. *Montgomery,* 343 Mass. 129, 130. In the *Leventhal* case we adopted what we described as a prevailing view that "a provision fixing the attorney's fee as a certain per cent of the principal or of the principal and interest . . . [is] good, at least unless it clearly appears that it is so unconscionable and oppressive as to amount to a penalty or that it is a device to circumvent the usury statutes" (p. 342). Nothing of that sort is contended here.

There was error in denying the motion for counsel fees on the ground that no testimony was offered.

*Exceptions sustained.*