## Trustees of Tufts College *vs.* Paula Ramsdell.

No. 89-P-731.

Suffolk. April 11, 1990. - May 11, 1990.

Present: Perretta, Smith, & Fine, JJ.

*Constitutional Law*, Federal preemption. *Statute*, Federal preemption. *Education*, Student loan. *Attorney at Law*, Compensation. *Damages*, Attorney's fees. *Administrative Law*, Regulations.

In an action by the trustees of a college against a student who had defaulted on a promissory note obligating her to repay a loan made to her under the Perkins Loan Program, 20 U.S.C. §§ 1087aa, et seq., claiming the balance on the note, as well as interest and attorney's fees, the judge properly found the requested attorney's fees of one-third of the recovery to be unreasonable in the circumstances of the case and assessed attorney's fees in the amount of fifteen percent of the recovery, where there was no clear indication that Congress, through either 20 U.S.C. §§ 1087aa et seq., or regulations promulgated thereunder, intended to preempt State law regarding the authority of a court to determine what constitutes a reasonable attorney's fee for attempting to enforce the terms of a note. [585-588]

Civil action commenced in the Boston Municipal Court Department on March 12, 1986.

The case was heard by *Herbert H. Hershfang*, J.

*Richard S. Daniels, Jr.*, for the plaintiff.

Fine, J. The issue raised in this appeal is whether recently-adopted Federal law preempts State law relating to the amount of attorney's fees that may be recovered from a borrower who defaults on a Perkins student loan. See 20 U.S.C. §§ 1087aa et seq. (1988).[1]

---

[1]The appellant's failure to reproduce the relevant statutes and regulations, in violation of Mass.R.A.P. 16(f), 365 Mass. 862 (1974), "imposed a needless burden on the court." *O'Dea* v. *Commissioner of Pub. Welfare*, 14 Mass. App. Ct. 146, 147 n.2 (1982).

Pursuant to the Federal statute, the trustees of Tufts College (Tufts) made a Perkins student loan to the defendant. The defendant signed a promissory note obligating her to repay the loan "together with all attorneys' fees and other costs and charges for the collection of any amount not paid when due according to the terms of th[e] note[.]" Tufts brought this action in the Boston Municipal Court against the defendant claiming that she owed a balance of $4,198.27 on the note, as well as interest and "a reasonable attorney's fee." The defendant defaulted. During a hearing to assess damages, at which the defendant appeared pro se, counsel for Tufts represented that his fee would be one-third of the amount collected. The defendant objected to assessment of attorney's fees in the amount requested. The trial judge found the requested fee of one-third of the recovery to be unreasonable in the circumstances of the case and assessed attorney's fees in the amount of fifteen percent of the recovery. Tufts appealed to the Appellate Division of the Boston Municipal Court, which affirmed, and then to this court. We also affirm.

Tufts' contention on appeal both before the Appellate Division and in this court is that it is entitled under Federal law to recover whatever contingent fee it may agree to pay counsel so long as the fee is not more than fifty percent of the balance recovered. Under Massachusetts law, a borrower may be liable for attorney's fees if the note expressly provides for them, but they are limited to an amount that is found to be fair and reasonable. See *Leventhal* v. *Krinsky*, 325 Mass. 336, 341-342 (1950); *American Serv. & Supply Co., Inc.* v. *Raby*, 348 Mass. 720, 721 (1965); *Santry* v. *Richman*, 6 Mass. App. Ct. 955, 956 (1978); *United States Trust Co.* v. *Herriott*, 10 Mass. App. Ct. 313, 321 (1980). See also *First Natl. Bank* v. *Brink*, 372 Mass. 257, 265-267 (1977).

Tufts contends that Federal law has preempted application of that rule to Perkins student loans. The Massachusetts rule limiting attorney's fees to what is fair and reasonable, particularly when they are being imposed against an unwilling

party who did not engage the services of the attorney, is one of significance to the administration of justice. See *Lewis* v. *National Shawmut Bank*, 303 Mass. 187, 191 (1939). Before we would decide that the rule has been preempted, therefore, we would have to find a clear indication that preemption of State law was intended. Compare *Commonwealth* v. *Federico*, 383 Mass. 485, 488-489 (1981). Although the recent Federal enactments were intended generally to strengthen efforts to collect student debts and to decrease the number of borrowers who default on their loans, we do not find in the applicable Federal statute, regulations, or official commentary, a clear indication of an intent to preempt a State court's traditional authority to determine what, in a particular situation, is a reasonable attorney's fee.

The National Direct Student Loan Program, the predecessor to the Perkins Loan Program, 20 U.S.C. §§ 1087aa et seq. (1988), was added to the Higher Education Act of 1965, Pub. L. No. 89-329, 79 Stat. 1219, by the Education Amendments of 1972, Pub. L. No. 92-318, 86 Stat. 235, 273, to allow institutions of higher education to receive Federal funds to make loans to students. 52 Fed. Reg. 45552 (1987). The program was renamed and was substantially revised by the Higher Education Amendments of 1986, Pub. L. No. 99-498, 100 Stat. 1268. Section 1087dd(c)(1)(H) requires that any agreement between an educational institution and a student receiving a Perkins loan include a provision for the student to pay a charge for failing to pay an installment when due including "the expenses reasonably incurred in attempting collection of the loan . . . ." Title 20 U.S.C. § 1091a(b) (1988) provides in pertinent part: "Notwithstanding any provision of State law to the contrary . . . a borrower who has defaulted on a loan made under this subchapter . . . shall be required to pay . . . reasonable collection costs . . . ." The Secretary of Education (Secretary) promulgated regulations under the statute which appear in 52 Fed. Reg. 45552 (1987). Title 34 C.F.R. § 674.45 (1989) is entitled "Collection procedures," and 34 C.F.R. § 674.46 (1989) is entitled "Litigation procedures."

The regulation relating to "collection procedures" provides that when a student defaults, an educational institution must report the defaulted account to a credit bureau and collect the account either by using the institution's own personnel or by engaging a collection firm for that purpose. If a collection firm is used, "the institution shall assess against the borrower all reasonable costs incurred by the institution with regard to [the] loan obligation." 34 C.F.R. § 674.45(e)(1) (1989). If such collection efforts fail, the institution may resort to litigation. Official commentary on the regulation was published in the Federal Register on November 30, 1987. In his comments relating to "collection procedures," the Secretary discussed the use of collection firms and stated that any State law prohibiting recovery from the debtor of contingent fee charges made by collection firms is preempted. The determination of what constitutes "reasonable collection costs" under the statute, according to the commentary, has become a matter of Federal law, and the full amount of any negotiated contingent fee charged to an educational institution by a collection firm is deemed to be "reasonable," such fee being viewed both as necessary to collect the loan and as likely to have been established through procedures designed to assure competitive rates. See 52 Fed. Reg. 45553 (1987).

The regulation relating to "litigation procedures," in contrast with the one relating to "collection procedures," makes specific reference to attorney's fees. The regulation provides, in subsection (b), that if the educational institution should sue a borrower in default, it is to "assess against and attempt to recover from the borrower . . . [a]ll litigation costs, including attorney's fees, court costs and other related costs, to the extent permitted under applicable law[.]" 34 C.F.R. § 674.46(b) (1989). According to the published commentary, the "regulations require the institutions to attempt to recover all collection costs, including attorney['s] fees, from the debtor, to the full extent permitted under applicable Federal *and State law.*" 52 Fed. Reg. 45554 (1987) (emphasis supplied). The Secretary recognizes in his published comments that State law may prevent an educational institution from

recovering the full cost of litigation. Nevertheless, litigation is encouraged to deter students who might otherwise default, and the institutions are permitted to charge the Federal student loan fund for unrecouped attorney's fees, so long as they do not exceed fifty percent of the amount due from the student. *Id.* at 45554.

Reading the regulation relating to "collection procedures" together with the regulation relating to "litigation procedures," we conclude that the former pertains to collection efforts leading up to litigation, while the latter takes over at the point when litigation begins. As the Appellate Division noted in its decision, the distinction between "collection costs" and "attorney's fees," as those terms are used in the regulations, was pointed out by the Secretary in a section entitled "Public Comments and Departmental Responses," also appearing in the November 30, 1987, Federal Register, 52 Fed. Reg. 45566 (1987).

The statute and the regulations preempt State law with regard to the cost of using collection firms to recover defaulted Perkins student loans. However, in neither the statute nor the regulations is there any clear indication of an intent to preempt State law regarding the authority of a court to determine what is a reasonable attorney's fee for attempting to enforce the terms of a note. To the contrary, in the only direct reference to the issue, the Secretary referred specifically to State law and to his understanding that State law may prevent an institution from recovering all of its attorney's fees. Moreover, the reference to a fifty percent maximum fee, relied upon by Tufts, relates to the amount an educational institution may charge the Federal student loan fund and not the amount that may be assessed against the borrower.

*Judgment affirmed.*