83 F.3d 424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
COLONIAL PACIFIC LEASING CORP., Plaintiff-Appellee,
v.
L & M ENGINEERING CO., doing business as Drill Head & Parts
Engineering Co., and Leonard Miller, Defendants-Appellants.
 No. 95-3685.
 United States Court of Appeals, Seventh Circuit.
 Argued April 11, 1996.
Decided April 25, 1996.
 
 Before FLAUM, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 The district court entered summary judgment in this action under the diversity jurisdiction, ordering L & M Engineering to pay a debt to Colonial Pacific, which has purchased the financing lease from the original vendor. The only question presented on appeal is whether the court properly ordered L & M Engineering to pay an additional $14,497 as attorneys' fees.
 
 
 2
 Our first question is whether L & M Engineering filed a timely notice of appeal. After the district court rendered its decision, the parties agreed that L & M Engineering could take additional time to file a motion for reconsideration under Fed.R.Civ.P. 59; the district court approved this agreement. It lacked power to do so. Fed.R.Civ.P. 6(b) expressly forbids any enlargement of the time to file motions under Rule 59. Nonetheless, the district court held, its violation of Rule 6(b) made L & M's motion timely--and if this is so, the motion also extended the time for appeal by virtue of Fed.R.App.P. 4(a)(4). This ruling also was mistaken. An order that does no more than grant the parties' motion for an extension forbidden by Rule 6(b) is ineffectual. Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989); Hope v. United States, 43 F.3d 1140, 1142-44 (7th Cir.1994); Green v. Bisby, 869 F.2d 1070, 1072 (7th Cir.1989).
 
 
 3
 As it happens, however, the motion was timely without regard to the extension. Both the parties and the district judge assumed that the time begins with the date the judgment is signed by the judge or clerk. Not so; the time begins when a judgment is entered on the docket. Fed.R.Civ.P. 58, 79(a). In this case the judge filed an opinion on August 9, 1995, and the judgment is dated August 14, 1995, but the judgment was not entered on the docket until August 21, 1995. (The record does not explain the delay, which is itself troubling; judgments should be entered on the docket the same date they are approved.) The Rule 59 motion of August 30, 1995, was accordingly timely. It is unfortunate that neither the parties nor the district judge properly attended to the jurisdictional issues, but the notice of appeal is effective nonetheless.
 
 
 4
 The award of attorneys' fees was authorized by the contract, which requires the lessee to pay fees in the amount of 25% "of the total amount placed for collection" if legal action is necessary. The district court's award was exactly 25% of the "amount placed for collection." L & M Engineering does not dispute that the award was authorized by the contract; instead it contends that Massachusetts, whose law governs under a choice-of-law clause in the lease, would deem the attorneys'-fees provision a "penalty" (because actual fees may be less than 25% of the total debt) and refuse to enforce it. Yet Massachusetts allows parties to adopt reasonable estimates of damages. If they may liquidate their damages, why not attorneys' fees? Litigation to determine the actual amount of fees reasonably incurred may be costly. Businesses strive to hold down their costs, including the costs of litigation, and Massachusetts permits them to do so when the subject is attorneys' fees. American Service & Supply Co. v. Ruby, 348 Mass. 720, 206 N.E.2d 94 (1965), enforces a contractual provision fixing attorneys' fees at 15% of principal and interest due, and permits the parties to use any estimate that is not unconscionable. This contract easily satisfies that standard.
 
 
 5
 L & M Engineering observes that the contract uses the "amount placed for collection" rather than the amount of the judgment as the base for the award of fees, and it invites us to consider what would happen if the lessor "placed" $1 million for collection when the total payments under the lease were only $100,000. One sufficient reply would be that the amount "placed for collection" for the purpose of the attorneys'-fees clause cannot exceed the unpaid debt. "[P]laced for collection" is readily subject to an interpretation that avoids a large penalty. Cf. Tufts College v. Ramsdell, 28 Mass.App. 584, 554 N.E.2d 34 (1990) (cutting down an award of fees when the contract provided for 50% of the amount recovered). At all events, there will be time enough to grapple with this subject if it arises. Colonial Pacific did not try to pull such a stunt. The amount "placed for collection" was only $5,000 more than the judgment, and the difference is attributable not to any opportunistic conduct but to plaintiff's decision not to prove in the litigation the value of recovered property (a demonstration that might have cost more in attorneys' fees than the $5,000 at issue). The award of $14,497 in fees was 27.4% of the principal value of the judgment ultimately recovered. This sum is a reasonable estimate of fees for commercial litigation (L & M Engineering tried to raise a securities-fraud defense), and we are confident that Massachusetts would not condemn it as a "penalty."
 
 
 6
 Defendants' remaining argument is frivolous and does not require discussion. Colonial Pacific asks for an award of attorneys' fees for time expended to defend the judgment on appeal. Because the contract itself provides for such an award, we need not decide whether it would also be appropriate as a sanction under Fed.R.App.P. 38. The contract gives the lessor an option to collect "the actual attorney fees charged to lessor in all proceedings arising out of the lease." We therefore remand so that the district judge may exercise the contractual election in light of the outcome of this appeal: Colonial Pacific may accept the $14,497 already awarded, or it may seek the "actual attorney fees charged" for all proceedings in this litigation.
 
 
 7
 AFFIRMED AND REMANDED.