**Franklin COLLEGE, Appellant–Plaintiff,**

v.

**Shannon B. TURNER, Appellee–Defendant.**

No. 03A04–0508–CV–488.

Court of Appeals of Indiana.

Feb. 27, 2006.

Howard Howe, Indianapolis, for Appellant.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Franklin College ("Franklin") appeals from the trial court's denial of its motion to correct error in an action to collect on a delinquent student loan from Shannon B. Turner. Franklin presents two issues for review, which we restate as:

1. Whether the trial court failed to comply with applicable federal regulations when it denied Franklin's motion for summary judgment on the amount of attorney's fees [1] that Franklin had requested.

---

1. Franklin requested "collection costs and attorney's fees" in the prayer for relief in its complaint, Appellant's App. at 6, and "collection costs and attorney fees" in its Memorandum in Support of Plaintiff's Motion for Entry of Judgment, Appellant's App. at 20. And in its brief on appeal, Franklin phrases the issues raised in terms of the award of collection costs but notes that attorney's fees are "subsumed [in] collection costs ...." Appellant's Brief at 10. We note, however, that the Affidavit of Indebtedness attached to Franklin's summary judgment motion referred to the amount Franklin is seeking only as "attorney fees." Appellant's App. 14. Thus, the trial court properly treated the prayer as one for only attorney's fees. Likewise, on appeal we treat Franklin's request for collection costs as one for attorney's fees.

2. Whether the trial court erred when it awarded attorney's fees.

We affirm.

### FACTS AND PROCEDURAL HISTORY

Between March 8, 1994, and January 30, 1996, Franklin advanced student loans to Turner under the Federal Perkins Loan Program. Turner executed a promissory note, signing each time Franklin advanced loan funds. After Turner's loan became delinquent, Franklin filed a complaint on the note. Franklin served on Turner requests for admission under Indiana Trial Rule 36 at the same time it served the complaint. Turner did not respond to the discovery request, but wrote a letter to the trial court admitting to the debt and agreeing to pay the debt under whatever terms the court deemed appropriate.

Franklin filed a motion for summary judgment, requesting judgment in the amount of $8773.34 plus per diem interest. The requested judgment amount was calculated as follows: $4138.36 principal, $259.98 interest, $111 costs, and $4375 "[c]ollection costs and attorney fees." Appellant's App. at 20. The trial court granted summary judgment in part, as to the principal, interest, and $111 costs requested, but it denied the motion as to the collection costs requested and awarded only $420 for attorney's fees. The trial court denied Franklin's motion to correct error, and this appeal ensued.

### DISCUSSION AND DECISION

We review the trial court's decision to grant or deny a motion to correct error for abuse of discretion. *Sears Roebuck and Co. v. Noppert,* 705 N.E.2d 1065, 1067 (Ind.Ct.App.1999), *trans. denied.* An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences which may be drawn therefrom. *Gregor v. State,* 646 N.E.2d 52, 53 (Ind.Ct.App.1994).

██ Initially, we note that Turner has failed to file an appellee's brief. In such a case, we need not undertake the burden of developing arguments for Turner. *Butrum v. Roman,* 803 N.E.2d 1139, 1142 (Ind.Ct.App.2004), *trans. denied.* Applying a less stringent standard of review, we may reverse the trial court if the appellant establishes prima facie error. *Id.* "Prima facie" is defined as "at first sight," "on first appearance," or "on the face of it." *Id.*

### Issue One: Federal Regulations

██ Franklin contends that the trial court erred when it denied Franklin's motion for summary judgment on the attorney's fees requested. When reviewing summary judgment, this court views the same matters and issues that were before the trial court and follows the same process. *Estate of Taylor ex rel. Taylor v. Muncie Med. Investors, L.P.,* 727 N.E.2d 466, 469 (Ind.Ct.App.2000), *trans. denied.* We construe all facts and reasonable inferences to be drawn from those facts in favor of the non-moving party. *Jesse v. Am. Cmty. Mut. Ins. Co.,* 725 N.E.2d 420, 423 (Ind.Ct.App.2000), *trans. denied.* Summary judgment is appropriate when the designated evidence demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The purpose of summary judgment is to terminate litigation about which there can be no material factual dispute and which can be resolved as a matter of law. *Zawistoski v. Gene B. Glick Co.,* 727 N.E.2d 790, 792 (Ind.Ct. App.2000).

Franklin first maintains that the trial court erred by denying summary judgment as to the request for collection costs because federal regulations authorize the collection costs requested. Franklin also asserts that the Indiana Trial Rule 36 admissions made by Turner establish all material facts supporting the judgment as prayed for as a matter of law. We address each contention in turn.

Franklin argues that federal regulations "dictate[ ] collections costs and [that] the trial court had no authority to substitute its thought on this subject." Appellant's Brief at 4. United States Code Title 20 addresses collections regarding federal student loans. 20 U.S.C. § 1091a(b)(1) provides: "Notwithstanding any provision of State law to the contrary[,] a borrower who has defaulted on a loan made under [United States Code Title 20] shall be required to pay, in addition to other charges specified in this title, reasonable collection costs . . . ."

■ When a postsecondary school institutes an action to collect on a delinquent Perkins loan, 34 C.F.R. § 674.46(b) provides that the institution "shall assess against and attempt to recover from the borrower (1)[a]ll litigation costs, including attorney's fees, court costs and other related costs, to the extent permitted under applicable law; and (2)[a]ll prior collection costs incurred and not yet paid by the borrower." The regulations also provide the formula to determine collection costs accrued prior to the filing of the collection action:

The institution shall determine the amount of collection costs that shall be charged to the borrower for actions required under this section, and §§ 674.44 [address searches], 674.46 [litigation procedures], 674.48 [use of contractors to perform billing and collection or other program activities], and 674.49 [bankruptcy of borrower], based on either -

(i) Actual costs incurred for these actions with regard to the individual borrower's loan; or

(ii) Average costs incurred for similar actions taken to collect loans in similar stages of delinquency.

34 C.F.R. § 674.45(e)(2).

A postsecondary institution need not pursue a collection action itself. Instead, it has the option of assigning the account to the Secretary of Education for collection or to a collection firm. 34 C.F.R. §§ 674.45(c)(1)(iii), 674.45(a)(2)(ii). In the event that the Secretary institutes an action to recover a delinquent federal student loan, federal regulations dictate how to calculate collection costs and when such costs may be imposed:

(b) Notwithstanding any provision of State law, if the Secretary uses a collection agency to collect a debt on a contingent fee basis, the Secretary charges the debtor, and collects through the agency, an amount sufficient to recover—

(1) The entire amount of the debt; and

(2) The amount that the Secretary is required to pay the agency for its collection services.

(c)

(1) The amount recovered under paragraph (b) of this section is the entire amount of the debt, multiplied by the following fraction: 1/1–cr

(2) In paragraph (c)(1) of this section, cr equals the commission rate the Department pays to the collection agency.

34 C.F.R. § 30.60(b), (c).

Franklin contends that the collection costs it may recover are to be calculated using the formula set out in 34 C.F.R. § 30.60. But we agree with the trial court

that 34 C.F.R. § 30.60 is not the regulation that applies in this case. 34 C.F.R. § 30.60 defines collection costs for cases in which the Secretary of Education is collecting the delinquent student loan.[2] Here, Franklin, a postsecondary institution, did not assign the account but litigated to collect the delinquent loan. Thus, Franklin's collection costs must be calculated as directed under 34 C.F.R. § 674.46(b), as further defined by 34 C.F.R. § 674.45(e)(2).

Having determined the applicable federal regulations, we next consider whether the trial court complied with those regulations when it determined the attorney's fees award to be $420. We have already noted that the calculation of attorney's fees in this case is governed by 34 C.F.R. Part 674. And, as we have also noted, the institution that litigates to recover a delinquent Perkins loan "shall assess against and attempt to recover from the borrower [a]ll litigation costs, including attorney's fees, court costs, and other related costs, to the extent permitted under applicable law ...." 34 C.F.R. § 674.46(b)(1).

Franklin argues that the federal law and regulations, not state law, control the determination of the attorney's fee award. We cannot agree. The opinion of *Trustees of Tufts College v. Ramsdell,* 28 Mass.App. Ct. 584, 554 N.E.2d 34 (1990), *review denied,* is instructive, and provides in relevant part:

> 20 U.S.C. § 1087dd(c)(1)(H) requires that any agreement between an educational institution and a student receiving a Perkins loan include a provision for the student to pay a charge for failing to pay an installment when due including "the expenses reasonably incurred in attempting collection of the

loan ...." 20 U.S.C. § 1091a(b) (1988) provides in pertinent part: "Notwithstanding any provision of State law to the contrary ... a borrower who has defaulted on a loan made under this subchapter ... shall be required to pay ... reasonable collection costs ...." The Secretary of Education (Secretary) promulgated regulations under the statute which appear in 52 Fed.Reg. 45552 (1987). Title 34 C.F.R. § 674.45 (1989) is entitled "Collection procedures," and 34 C.F.R. § 674.46 (1989) is entitled "Litigation procedures."

The regulation relating to "collection procedures" provides that when a student defaults, an educational institution must report the defaulted account to a credit bureau and collect the account either by using the institution's own personnel or by engaging a collection firm for that purpose. If a collection firm is used, "the institution shall assess against the borrower all reasonable costs incurred by the institution with regard to [the] loan obligation." 34 C.F.R. § 674.45(e)(1) (1989). If such collection efforts fail, the institution may resort to litigation. Official commentary on the regulation was published in the Federal Register on November 30, 1987. In his comments relating to "collection procedures," the Secretary discussed the use of collection firms and stated that any State law prohibiting recovery from the debtor of contingent fee charges made by collection firms is preempted. The determination of what constitutes "reasonable collection costs" under the statute, according to the commentary, has become a matter of Federal law, and the full amount of any negotiated contingent fee charged to an educational institution

---

2. Interestingly, Franklin stated this fact in its Memorandum in Support of Plaintiff's Motion for Entry of Judgment. Franklin also stated in its brief that 34 C.F.R. Part 674 governs, but then it jumped to 34 C.F.R. § 30.60 to calculate collection costs.

by a collection firm is deemed to be "reasonable," such fee being viewed both as necessary to collect the loan and as likely to have been established through procedures designed to assure competitive rates. *See* 52 Fed.Reg. 45553 (1987).

The regulation relating to "litigation procedures," in contrast with the one relating to "collection procedures," makes specific reference to attorney's fees. The regulation provides, in subsection (b), that if the educational institution should sue a borrower in default, it is to "assess against and attempt to recover from the borrower . . . [a]ll litigation costs, including attorney's fees, court costs and other related costs, to the extent permitted under applicable law[.]" 34 C.F.R. § 674.46(b) (1989). According to the published commentary, the "regulations require the institutions to attempt to recover all collection costs, including attorney['s] fees, from the debtor, to the full extent permitted under applicable Federal *and State law.*" 52 Fed.Reg. 45554 (1987) (emphasis supplied). The Secretary recognizes in his published comments that *State law may prevent an educational institution from recovering the full cost of litigation.* Nevertheless, litigation is encouraged to deter students who might otherwise default, and the institutions are permitted to charge the Federal student loan fund for unrecouped attorney's fees, so long as they do not exceed fifty percent of the amount due from the student. *Id.* at 45554.

Reading the regulation relating to "collection procedures" together with the regulation relating to "litigation procedures," we conclude that the former pertains to collection efforts leading up to

litigation, while the latter takes over at the point when litigation begins. As the Appellate Division noted in its decision, the distinction between "collection costs" and "attorney's fees," as those terms are used in the regulations, was pointed out by the Secretary in a section entitled "Public Comments and Departmental Responses," also appearing in the November 30, 1987, Federal Register, 52 Fed.Reg. 45566 (1987).

The statute and the regulations preempt State law with regard to the cost of using collection firms to recover defaulted Perkins student loans. *However, in neither the statute nor the regulations is there any clear indication of an intent to preempt State law regarding the authority of a court to determine what is a reasonable attorney's fee for attempting to enforce the terms of a note.* To the contrary, in the only direct reference to the issue, the Secretary referred specifically to State law and to his understanding that *State law may prevent an institution from recovering all of its attorney's fees.* Moreover, the reference to a fifty percent maximum fee, relied upon by Tufts, relates to the amount an educational institution may charge the Federal student loan fund and not the amount that may be assessed against the borrower.

554 N.E.2d at 36–37 (emphasis added).

We agree with the court in *Ramsdell* that there is no clear indication in the statute or regulations that the federal government intended to preempt state law. Thus, the "applicable law" referred to in 34 C.F.R. § 674.46(b)(1) is state law. We conclude that the reasonableness of the attorney's fee award was properly determined under state law.[3]

3. Having determined that state law applies to the attorney's fee award, we need not address

Franklin's argument that the trial court's refusal to enter judgment for the amount of

■ A contract allowing for recovery of attorney's fees is enforceable, if the contract is not contrary to law or public policy. *Dempsey v. Carter,* 797 N.E.2d 268, 275 (Ind.Ct.App.2003), *trans. denied.* The amount recoverable for an award of attorney's fees is left to the sound discretion of the trial court. *Id.* An award of attorney's fees will be reversed only for an abuse of discretion. *Id.* The trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before it. *Id.* The amount of the trial court's award of attorney's fees must be supported by the evidence. *Id.*

■ Here, Turner's promissory note includes a provision in which he agreed to pay "all reasonable collection costs, including attorney fees .... " Appellant's App. at 8. The trial court awarded $420 for attorney's fees. As support for that amount, the trial court estimated the time Franklin's counsel had spent by noting the pleadings filed, namely, a complaint, a request for admissions, and the summary judgment motion and supporting memorandum, as well as counsel's late appearance at the ten-minute summary judgment hearing. The order further provided:

> Although there was no testimony to the amount of time Mr. Howe spent on this case, it appears to the Court that it would be generous to credit Mr. Howe with 2 hours of time at this juncture (excluding travel time). He may have another hour in the future to spend on proceeding supplemental hearings.

> Collection law is not a difficult area of the law in which to practice. It is a matter of setting up forms and a tickler system so an hourly rate of $140.00 per hour would again be generous. The court therefore finds that Mr. Howe is

collection costs requested offends the Su-

entitled to attorney fees in the sum of $420.00.

Appellant's App. at 24.

■ The only support in the record for the amount Franklin requested was in an affidavit completed by Franklin's controller and attached to the summary judgment motion as an exhibit. But the question presented is not how much Franklin paid to its counsel but what is a reasonable fee. What constitutes a reasonable attorney fee is a matter largely within the trial court's discretion. *Olcott Int'l & Co. v. Micro Data Base Sys.,* 793 N.E.2d 1063, 1079 (Ind.Ct.App.2003), *trans. denied.* In determining what is "reasonable," the court may consider such factors as the hourly rate, the result achieved, and the difficulty of the issues. *Id.*

Here, Franklin requested $4375 for attorney's fees at the summary judgment hearing and in its memorandum in support of the summary judgment motion. In the affidavit, the controller stated that the attorney's fees accrued totaled $4353.02. But proof that Franklin paid its counsel $4375 in attorney's fees does not mean that such an amount is reasonable. Rather, as noted above, that is a question for the trial court. The trial court here determined that a reasonable fee is $420 based on the difficulty of collection cases, a reasonable hourly amount, and the relative simplicity of collection cases. On such facts, we hold that the trial court did not abuse its discretion when it awarded $420 for attorney's fees.

### Issue Two: Admitted Facts

Franklin also contends that the facts deemed admitted by Turner's failure to respond to the Requests for Admission "establish[ ] all of the material facts supporting the judgment as prayed as a matter of law." Appellant's Brief at 2. We

premacy Clause.

cannot agree. Admissions are "conclusively established unless the court on motion permits withdrawal or amendment of the admission." Ind. Trial Rule 36(B). Because Turner failed to respond to Franklin's Requests for Admission, all of the facts asserted in it are deemed admitted.

▮ But the facts deemed admitted do not relate to the amount of attorney's fees to be awarded. The facts deemed admitted are:

1. No defendant in this cause is an infant or incompetent.

2. No defendant in this cause is on active service in any branch of the military forces of the United States of America.

3. The material allegations contained in the Plaintiff's complaint are true, and Plaintiff is entitled to the relief sought as a matter of law.

4. There exists no valid counterclaim or offset to the claim(s) of the Plaintiff.

Appellant's App. at 7. Franklin's complaint does not request or claim any particular amount for the attorney's fee award. Thus, Franklin's contention on this issue is without merit.

Affirmed.

BAKER, J., and BAILEY, J., concur.