Desmond, J.
The appellant, Citizens Bank of Massachusetts (hereafter “the Bank”), has filed this Dist/Mun. Cts R A D. A, Rule 8C, appeal challenging the trial courts award of $300.00 in attorney’s fees sought in connection with an action brought to enforce the terms of a commercial loan made to the appellee, Michael Travers, D/B/A Lenox Artisan Galleries (‘Travers”). One of the provisions in the loan agreement called for the payment of all collection costs and fees by the borrower in the event of default
The facts are undisputed. The Bank filed this action after the appellee failed to fully repay a commercial loan in the amount of $30,000.00. The loan agreement was executed on September 10, 2002 and the Bank filed the complaint in this action on May 5, 2005 claiming an unpaid balance of $11,107.14. Travers filed no responsive pleadings and was defaulted pursuant to Mass. R. Civ. R, Rule 55(a).
An assessment of damages hearing was held shortly thereafter. Travers appeared pro se at this proceeding and contested only the amount of the outstanding balance sought in the complaint but did not contest the $4,200.00 in attorney’s fees requested *121 by the Bank. After taking the matter under advisement, the trial court awarded attorney’s fees in the amount of $300.00. The Bank argues that the trial court erred when it failed to award the full amount of attorney’s fees sought at the assessment of damages hearing where the adverse party did not contest the amount requested. We disagree.
“Under Massachusetts law, a borrower may be liable in attorney’s fees, if the note expressly provides, but are limited to an amount that is found to be fair and reasonable.” Trustee of Tufts College v. Ramsdell, 28 Mass. App. Ct. 584, 585 (1990) (emphasis added). “ [T] he question of what is fair and reasonable compensation for legal services rendered is one of fact for a trial judge to decide.” Mulhern v. Roache, 398 Mass. 18, 23 (1986). “Determining an appropriate award to make for attorney’s fees under the provision of [a] note allowing costs of collection calls for a discretionary judgment” by the trial judge. Bank of Boston v. Haufler, 20 Mass. App. Ct. 668, 675 (1985). The issues and proceedings in this matter were straightforward and few, respectively. None of the cases cited by the Bank support its argument that a trial court has no discretion to reduce a request for attorney’s fees sought where the amounts sought are “wholly” uncontested. Accordingly, the trial court’s award-of attorney’s fees is affirmed.
So ordered.