NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-427

SIDDHARTH SIDDHARTH

vs.

RAHUL CHATURVEDI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a Superior Court judgment enforcing the terms of a promissory note against the defendant and awarding the plaintiff a total award in the amount of $116,848.58.[1] On appeal, the defendant claims that the judge erred in granting summary judgment to the plaintiff on the issue of the defendant's liability on the note and in her award of damages after a jury-waived trial. Additionally, the defendant claims that the judge made evidentiary errors during the trial. Finding no error, we affirm.

---

[1] This amount includes $43,863.75 in attorney's fees and costs pursuant to the note. The trial judge later awarded the plaintiff an additional $3,326.35 in attorney's fees upon finding that the defendant had "strateg[ized] . . . to obfuscate and obstruct resolution of this case" by his filing of a motion for new trial.

Discussion. We review the allowance of a motion for summary judgment de novo, viewing the facts in the "light most favorable to the nonmoving party" and "drawing all reasonable inferences" in the nonmoving party's favor. Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34, 38 (2005). Summary judgment is "appropriate where there is no material issue of fact in dispute and the moving party is entitled to judgment as a matter of law" (quotation and citation omitted). Metcalf v. BSC Group, Inc., 492 Mass. 676, 681 (2023).

Nowhere in the pleadings does the defendant deny that he signed and entered into a promissory note on May 19, 2015, to pay the plaintiff $53,000 on or before May 19, 2016. The defendant does not dispute that he had not fully paid the $53,000 on or before May 19, 2016. Since there were no material questions of fact or law regarding the promissory note, the plaintiff's motion for summary judgment was properly allowed.

During the jury-waived trial on damages, the defendant attempted to testify about information and file documents that predated the May 19, 2015 signed promissory note. Upon objection, the judge excluded the evidence. The defendant appears to argue that the promissory note is not understandable on its face and that other evidence was necessary to explain it. Whether a legal document's language is ambiguous, and the interpretation of an unambiguous document, are questions of law

2

that we review de novo.  See Bank v. Thermo Elemental, Inc., 451 Mass. 638, 648 (2008).  To determine whether a document is ambiguous, "the court must first examine the language of the contract by itself, independent of extrinsic evidence concerning the drafting history or the intention of the parties."  Id. "[A]n ambiguity is not created simply because a controversary exists between the parties, each favoring an interpretation contrary to the other's."  Suffolk Constr. Co. v. Lanco Scaffolding Co., 47 Mass. App. Ct. 726, 729 (1999), quoting Jefferson Ins. Co. v. Holyoke, 23 Mass. App. Ct. 472, 475 (1987).  Extrinsic evidence may only be admitted when the document is ambiguous on its face or as applied to the subject matter.  See General Convention of the New Jerusalem in the U.S. of Am., Inc. v. MacKenzie, 449 Mass. 832, 835-836 (2007).

Here, the promissory note is not ambiguous and establishes the obligation of the defendant to make full payment within a year of the note's formation.  Accordingly, the defendant's claim that the judge failed to consider extrinsic evidence to fully understand the meaning of the promissory note is unavailing.  See Winchester Gables, Inc. v. Host Marriott Corp., 70 Mass. App. Ct. 585, 591 (2007) (parol evidence "does not bar extrinsic evidence that elucidates the meaning of an ambiguous contract" [emphasis added; quotation and citation omitted]).

3

The judge ordered the defendant to pay the plaintiff $116,848.58.[2]  The defendant disputes the amount.  He argues that he paid the plaintiff $25,000 and should be credited that amount.[3]  "We accept the judge's findings of fact in a bench trial unless they are clearly erroneous."  Makrigiannis v. Nintendo of Am., Inc., 442 Mass. 675, 677 (2004).  In deciding whether a judge's findings of fact are clearly erroneous, "it must be emphasized that it is the trial judge who, by virtue of [her] firsthand view of the presentation of evidence, is in the best position to judge the weight and credibility of the evidence."  New England Canteen Serv., Inc. v. Ashley, 372 Mass. 671, 675 (1977).  Here, the judge weighed the evidence submitted

---

[2] Judgment with costs and interest amounted to $170,207.62 when judgment entered on June 2, 2021.  The defendant was ordered to pay an additional $3,326.35 in attorney's fees to the plaintiff in August 2021.

[3] The judge found that the defendant paid the plaintiff only $5,000 on the note.

4

by the defendant and credited the testimony of the plaintiff that he never received the $25,000.  There was no error.[4]

Judgment affirmed.

By the Court (Rubin,
  Englander & D'Angelo, JJ.[5]),

_[signature]_

Assistant Clerk

Entered:  May 3, 2024.

---

[4] To the extent the defendant challenges the award for attorney's fees, the promissory note expressly provided for attorney's fees and costs.  We see no abuse of discretion in the judge finding the attorney's fees fair and reasonable.  See Trustees of Tufts College v. Ramsdell, 28 Mass. App. Ct. 584, 585 (1990).

[5] The panelists are listed in order of seniority.