NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-203

MILLER FENCE CO.

vs.

GORDON DAVIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In connection with a cancelled contract, Miller Fence Co. (Miller Fence), the plaintiff, sought $2,412.27 in damages and attorney's fees of $9,910.04 against Gordon Davis (Davis), the defendant.  A District Court judge entered summary judgment in favor of Miller Fence on the damages claim but only awarded $800 in attorney's fees.  Miller Fence appealed the amount of attorney's fees awarded, and a panel of the Appellate Division of the District Court affirmed.  Miller Fence appeals from that decision, and we now affirm.

Background.  On August 20, 2019, the parties executed a one-page contract for the construction of 112 feet of fencing at a cost of $13,727 (materials, tax, and labor included), with a

completion date in ten to twelve weeks.  The contract contained additional potential charges to be borne by Davis including a fifty-dollar cancellation fee, a twenty-percent restocking fee for "[o]rdered material," and "legal fees and costs of collection."  Eight days later, Davis cancelled the contract and mailed a fifty-dollar check to cover the cancellation fee. Miller Fence returned the check, and indicated a restocking fee had to be paid as well.  Through a credit card transaction, Miller Fence deducted the cancellation fee and what it deemed to be the restocking fee from Davis's deposit and returned the remainder of the deposit to Davis.  Davis disputed the credit card transaction and on November 22, 2019, obtained a chargeback from the card issuer for his entire deposit (plus an extra $248.87).

Represented by counsel, Miller Fence filed a complaint in the District Court on January 16, 2020, seeking to recover the $2,412.27 credit card chargeback as well as "legal fees and costs of collection."  On April 2, 2020, Miller Fence filed a motion for summary judgment, and Davis, representing himself, filed an opposition two weeks later.  On August 11, 2020, counsel for Miller Fence filed an affidavit identifying legal fees in the amount of $9,910.04.  The affidavit noted that, despite a discounted hourly rate, Davis's "aggressive litigation" had been "the sole driver of costs and fees."  A

2

week later, a judge allowed Miller Fence's motion, and on August 21, 2020, a judgment entered for Miller Fence on its underlying damages claim, with an additional $800 for attorney's fees.

Dissatisfied with the amount awarded for attorney's fees, Miller Fence filed a motion for clarification on August 27, 2020. The motion asserted that Miller Fence was entitled to its "actual fees and costs" and that the judge could not "rewrite the contract" to provide otherwise. The judge issued a two-page clarification and explained his rationale for the $800 award of attorney's fees. He reasoned that the "issue in dispute was not complex and involved only a small amount in controversy." He also noted that counsel for Miller Fence acknowledged "that this is a very small case in which the evidence was clear." The judge concluded that $800 was a "reasonable award" in light of the nature of the case, the issues presented, and the amount of damages involved.

Miller Fence appealed the award of attorney's fees to the Appellate Division of the District Court. In its brief, Miller Fence argued only that the judge had no discretion to determine and award a "reasonable" fee but instead was required to award Miller Fence its "actual attorney's fees and costs incurred." On March 15, 2023, a panel of the Appellate Division issued a decision affirming the award of attorney's fees. The panel rejected Miller Fence's argument and concluded that the judge

3

did not abuse his discretion in determining a reasonable amount of attorney's fees.

Discussion. "Attorney's fees 'as between opposing parties in litigation' are only allowed in 'limited instances,' including 'pursuant to a valid contractual provision.'" Sea Breeze Estates, LLC v. Jarema, 94 Mass. App. Ct. 210, 218 (2018), quoting Bournewood Hosp., Inc. v. Massachusetts Comm'n Against Discrimination, 371 Mass. 303, 311-312 (1976). "The party seeking attorney's fees bears the burden of showing that the amount sought is reasonable." WHTR Real Estate Ltd. Partnership v. Venture Distrib., Inc., 63 Mass. App. Ct. 229, 235 (2005). A party claiming attorney's fees must show that the amount sought is "fair and reasonable," even where the claim is contract-based. Citizens Bank of Mass. v. Travers, 69 Mass. App. Ct. 174, 177 (2007), quoting First Natl. Bank v. Brink, 372 Mass. 257, 263-264 (1977). The panel of the Appellate Division correctly rejected Miller Fence's contrary argument that it was categorically entitled to recover all of the fees and costs it had incurred.

That categorical argument was the only argument Miller Fence made to the Appellate Division and thus appears to be the only one preserved for the present appeal. Miller Fence's effort to claim otherwise in its brief in this court, and to suggest that it has preserved the question whether the fee the

4

judge awarded was reasonable, is unsupported by any record citation. We could thus resolve this appeal on the basis that the argument is waived. See Albert v. Municipal Court of Boston, 388 Mass. 491, 493-494 (1983) (argument not made by appellant in lower court is waived on appeal).

Nevertheless, assuming in Miller Fence's favor that the argument is properly before us, we reject it. "What constitutes a reasonable fee is a question that is committed to the sound discretion of the judge." Berman v. Linnane, 434 Mass. 301, 302-303 (2001). We agree with the panel of the Appellate Division that the record does not evince an abuse of discretion by the judge.

As the judge noted, the "issue in dispute was not complex and involved only a small amount in controversy." Assuming without deciding that a restocking fee for "[o]rdered material" was due and properly calculated on a contract that was only days old and not expected to be completed for ten to twelve weeks, we agree that the question of Davis's liability was not complicated, and the amount in controversy was not substantial. Indeed, Davis never disputed that he cancelled the contract, and he paid the cancellation fee only to have it returned with a demand for the restocking fee. In its brief, Miller Fence agrees that it was a "small lawsuit" and was "easily proven." Given these circumstances, it is unsurprising that this case

5

moved expeditiously from complaint to judgment in just seven months (even with pandemic continuances) with a favorable disposition for Miller Fence on its motion for summary judgment. "[T]he nature of the case and the issues presented, the time and labor required, the amount of damages involved, [and] the result obtained" amply supported the judge's exercise of discretion. Berman, 434 Mass. at 303, quoting Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979).

We disagree with Miller Fence's contention that the judge and the Appellate Division "utterly failed to consider the actions of [Davis] in driving up costs, and attempts by [Miller Fence] to mitigate costs by seeking a protective order." When considering the reasonableness of attorney's fees, a judge may consider numerous factors with no single factor being determinative, and "a factor-by-factor analysis, although helpful, is not required." Berman, 434 Mass. at 303. As previously discussed, the judge considered the pertinent factors as illuminated by his own experience in dealing directly with the parties in court. See id. Contrary to the suggestions made by Miller Fence, the judge was not required to review "each and every [legal] invoice" or "provide an explanation of [why] more than $9000 in time wasted by [Davis's] antics was not reasonable." It was not the judge who had the burden of articulating why the fees were unreasonable; it was Miller Fence

6

that had the "burden of showing that the amount sought [was] reasonable."  WHTR Real Estate Ltd. Partnership, 63 Mass. App. Ct. at 235.

We also do not view the $800 figure chosen by the judge to be "utterly arbitrary" as Miller Fence maintains.  While another judge reviewing the same facts could have found a different amount to be reasonable, a "judge's decision . . . is plainly not an abuse of discretion simply because a reviewing court would have reached a different result."  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  Even if Davis's strategy crossed the line from a vigorous defense to vexatious maneuvers that unnecessarily drove up the cost of litigation as Miller Fence insists, the judge was not required to assess these costs against Davis in the reasonableness determination.  See, e.g., Harrington v. Richter, 562 U.S. 86, 111 (2011) (attorneys are not bound by "Newton's third law" requiring "an equal and opposite" response to every action taken by opposing party).

Finally, we reject Miller Fence's contention that the judge "had no discretion to interpose its own determination of what was contractually reasonable in terms of fees in light of clear and unambiguous contractual language."  We have consistently rejected similar claims.  See, e.g., Citizens Bank of Mass., 69 Mass. App. Ct. at 175 (despite borrower agreeing to pay bank's attorney's fees, judge still obliged to determine "whether the

7

fees requested were reasonable and should be awarded"); Trustees of Tufts College v. Ramsdell, 28 Mass. App. Ct. 584, 585 (1990) (contract providing for payment of attorney's fees "limited to an amount that is found to be fair and reasonable").  "The Massachusetts rule limiting attorney's fees to what is fair and reasonable, particularly when they are being imposed against an unwilling party who did not engage the services of the attorney, is one of significance to the administration of justice." Trustees of Tufts College, supra at 585-586.  Thus, the contractual provision requiring payment of "legal fees and costs of collection" did not obligate Davis to pay attorney's fees for Miller Fence come what may.

We do not address Davis's various arguments that we should order relief for him going beyond what the judge ordered.  No cross-appeal by Davis is before us, and "failure to take a cross-appeal precludes a party from obtaining a judgment more favorable to it than the judgment entered below."  Boston Edison

Co. v. Boston Redev. Auth., 374 Mass. 37, 43 n.5 (1977).  We also decline Davis's request for appellate attorney's fees.

Decision and order of the
  Appellate Division
affirmed.

By the Court (Meade, Sacks &
  Hodgens, JJ.[1]),

Clerk

Entered:  April 3, 2025.

---

[1] The panelists are listed in order of seniority.