DEIRDRE H. ROBBINS *vs.* BARBARA J. KROCK & another.[1]

No. 07-P-1459.

Middlesex. June 3, 2008. - November 13, 2008.

Present: GRASSO, SMITH, & TRAINOR, JJ.

*Negotiable Instruments,* Note. *Judgment,* Default, Enforcement. *Practice, Civil,* Attorney's fees, Judgment, Default. *Damages,* Attorney's fees.

This court concluded that a plaintiff attorney who represents herself in a pro se capacity in a civil action is entitled to recover the same costs, including attorney's fees, that she would be entitled to if she were represented by another [136-138]; therefore, in a civil action in Superior Court by an attorney seeking to collect a judgment in a previous action in District Court to enforce a promissory note, the attorney, who had represented herself in a pro se capacity in both actions, was entitled to collect attorney's fees incurred in the Superior Court action to collect the judgment, where the language of the promissory note demonstrated the parties' intent to permit recovery of attorney's fees associated with the collection of such a judgment [138-140]; moreover, the attorney was entitled to appellate attorney's fees [140].

CIVIL ACTION commenced in the Superior Court Department on July 11, 2006.

The case was heard by *Wendie I. Gershengorn*, J., on a motion for default judgment and assessment of damages.

*Steven F. Smoot* for the defendants.

*Deirdre H. Robbins*, pro se.

TRAINOR, J. This appeal involves the collection of unpaid legal fees. The defendants raise several issues on appeal, primarily involving the amount of attorney's fees that were awarded. For the reasons stated below, we affirm.

*Procedural history.* The plaintiff, an attorney, and Barbara

---

[1]Robert L. Goren, trustee of First Hill Top Realty Trust, and trustee of Riverway Realty Trust.

Krock, a former client, executed a promissory note (note)[2] relating to $19,284 of unpaid fees for legal services. When Krock failed to pay the note, the plaintiff, representing herself, filed a lawsuit in District Court to enforce the note and obtained a judgment of $27,790.50. The judgment included the value of the note plus attorney's fees, interest, fees, and costs.

Krock failed to pay the judgment, and the plaintiff, again representing herself, initiated a lawsuit in Superior Court seeking to collect the unpaid judgment as well as her attorney's fees and costs. The plaintiff named in this action Krock and Robert L. Goren, a trustee of two nominee trusts of which Krock was the sole beneficiary.[3] Each defendant was served by a sheriff delivering a copy of the summons and complaint to their "last and usual place of abode." After the defendants failed to answer the complaint or the amended complaint,[4] the plaintiff successfully moved for a default and assessment of damages. After receiving notice of the default, the defendants then became involved in the lawsuit. They filed a motion to set aside the default and for leave to file an answer late, as well as a subsequent motion for reconsideration, both of which were denied.[5] After a hearing on damages, a judge entered a judgment, jointly and severally, of $42,989.71,

---

[2]The note includes three sections, "BORROWER'S PROMISE TO PAY," "INTEREST," and "DEFAULT." Without reciting the entire note, it includes general language regarding Krock's promise to pay the principal amount of $19,284 within two years with interest at a yearly rate of four percent. The pertinent portion of the note is the "DEFAULT" provision, which states that "[i]f Borrower [Krock] fails to pay the balance, with interest, by two years from the above date, Borrower consents to the entry of judgment against her and in favor of Lender [plaintiff] in a court of competent jurisdiction for $20,826.72. Borrower shall also be liable for any attorneys' fees and costs incurred by the Lender."

[3]Upon motion and a hearing, a judge allowed the plaintiff an attachment in the amount of $50,000 on one of the parcels of land Goren owns as trustee for the benefit of Krock.

[4]The amended complaint corrected the name of Robert L. Goren in the caption, who had been named not as trustee but individually. The amended complaint also contained more specific allegations about the two trusts and the two properties.

[5]It is worth noting that, in her opposition to these motions as well as her memorandum of damages, the plaintiff relied upon, as an alternative to the note, the frivolous litigation statute, which provides that reasonable attorney's fees *shall* be awarded. G. L. c. 231, § 6F. It appears, however, that the lower court orders were based on the note, rather than on that statute.

consisting of the original judgment of $27,790.50 plus interest, attorney's fees, and costs, in favor of the plaintiff.

*Attorney's fees.*[6] The parties do not dispute that the plaintiff is entitled to reasonable attorney's fees for obtaining the judgment, which was based on the note, in District Court. *Gramatan Natl. Bank & Trust Co.* v. *Montgomery*, 343 Mass. 129, 129 (1961) ("Reasonable attorney's fees may be recovered on an overdue note which so provides"); *Widett & Widett* v. *Snyder*, 392 Mass. 778, 787 (1984) (appellate fees awarded in connection with debtor's obligation to pay cost of collection of note); *Trustees of Tufts College* v. *Ramsdell*, 28 Mass. App. Ct. 584, 585 (1990) ("Under Massachusetts law, a borrower may be liable for attorney's fees if the note expressly provides for them, but they are limited to an amount that is found to be fair and reasonable"); *Krock* v. *Krock*, 46 Mass. App. Ct. 528, 531 n.2 (1999), quoting from *Judge Rotenberg Educ. Center, Inc.* v. *Commissioner of the Dept. of Mental Retardation (No. 1)*, 424 Mass. 430, 468 (1997) ("As a general rule in Massachusetts, a litigant must bear his own expenses including attorney's fees, except where a statute permits the award of costs, a valid contract [or] stipulation provides for costs, or rules concerning damages permit[] recovery"); *Citizens Bank* v. *Travers*, 69 Mass. App. Ct. 174, 177 (2007).

The defendants argue, however, that the plaintiff is not entitled to recover additional attorney's fees, i.e., fees that were awarded as a result of the Superior Court action needed to collect the

---

[6]The defendants raise two additional arguments that do not warrant extended discussion. First, they argue improper service of the summons and complaint because a sheriff served them at their "last and usual place of abode," without subsequently mailing a copy pursuant to G. L. c. 223, § 31. The defendants concede that the statute applies to actions brought in District Court and that Mass.R.Civ.P. 4(d)(1), 365 Mass. 733 (1974), does not require such a mailing.

Second, they contend that Krock is not a beneficiary of Goren's trusts, and therefore the trusts are not subject to attachment. It is well established that "[u]pon default under Mass.R.Civ.P. 55(b), 365 Mass. 822 (1974), the factual allegations of a complaint are accepted as true for purposes of establishing liability." *Marshall* v. *Stratus Pharmaceuticals, Inc.*, 51 Mass. App. Ct. 667, 670-671 (2001), quoting from *Multi Technology, Inc.* v. *Mitchell Mgmt. Sys., Inc.*, 25 Mass. App. Ct. 333, 334-335 (1988) (citation omitted). The complaint alleges that "Barbara J. Krock is the sole beneficiary" of both trusts. The plaintiff also introduced substantial evidence that Krock is the sole beneficiary under the First Hill Top Realty Trust.

District Court's judgment. The defendants also contend that, because the plaintiff is pro se and did not hire and pay for counsel, additional attorney's fees have not been "incurred by the lender" pursuant to the language of the note. We disagree. There is no case law in Massachusetts regarding whether a pro se attorney, under either statute or contract, is entitled to attorney's fees that have been "incurred." Compare *Calhoun* v. *Calhoun*, 339 S.C. 96, 100 (2000) (interpreting "incur" in State's divorce statute to preclude recovery), and *Anderson* v. *Wheeler*, 214 Or. App. 318, 320-322 & n.1 (2007) (precluding recovery under arbitration statute), with *Winer* v. *Jonal Corp.*, 169 Mont. 247, 250-251 (1976) (allowing fees for pro se attorney under provision of promissory note providing for attorney fees as "better rule"). We recognize that a pro se attorney has been denied attorney's fees under civil rights "fee-shifting" statutes. See *Kay* v. *Ehrler*, 499 U.S. 432, 437 (1991) (reasoning that Congress's concern in drafting 42 U.S.C § 1988 was "the interest in obtaining independent counsel for victims of civil rights violations"); *Miller* v. *Commissioner of Correction*, 36 Mass. App. Ct. 114, 120-121 (1994) (claim based on 42 U.S.C. § 1988 remanded for determination of fees for stand-by counsel).

The reported cases in other jurisdictions are in conflict as to whether a lawyer representing herself in a pro se capacity has the right to recover attorney fees. We believe the better rule to be one that allows an attorney who represents herself to recover the same costs she would be entitled to if she had been represented by another. The amount of the fee to be awarded is based on the reasonable value of the services rendered, not whether or how much the prevailing party actually paid. See *Sherry* v. *Sherry*, 622 P.2d 960, 966 (Alaska 1981) (awarding fees to prevailing attorney litigant in child custody lawsuit); *Giguere* v. *SJS Family Enterprises, Ltd.*, 155 P.3d 462, 473 (Colo. Ct. App. 2006); *Quick & Reilly, Inc.* v. *Perlin*, 411 So. 2d 978, 980 (Fla. Ct. App. 1982) (discussing split of authority and citing cases); *Harkleroad* v. *Stringer*, 231 Ga. App. 464, 467-468 (1998) (awarding attorney's fees to pro se law firm under abusive litigation statute); *Deutch & Shur, P.C.* v. *Roth*, 284 N.J. Super. 133, 141-142 (1995) (awarding fees under frivolous litigation statute, for "[i]t cannot be argued that plaintiffs have not expended something for which

they deserve to be compensated. An attorney representing himself expends time. The old adage that 'Time is money' has no greater validity than in an attorney's world. The time spent by an attorney defending a frivolous claim could have been spent working on a matter for a paying client"); *Brach, Eichler, Rosenberg, Silver, Bernstein, Hammer & Gladstone, P.C.* v. *Ezekwo,* 345 N.J. Super. 1, 15-19 (2001) (awarding attorney's fees to pro se law firm suing for unpaid legal fees, under offer of judgment rule); *Hinkle, Cox, Eaton, Coffield & Hensley* v. *Cadle Co.,* 848 P.2d 1079, 1085 (N.M. 1993) ("It would be unjust to deny fees to an attorney or law firm for self-representation when the attorney or firm, in rendering services for itself, has potentially incurred as much pecuniary loss as if it had employed outside counsel . . . . [I]t should be of no significance to the party bound to pay attorney's fees whether the award of fees is to an attorney or firm representing itself or is to retained counsel").

The note is a contract, see *Cherry* v. *Sprague,* 187 Mass. 113, 116-117 (1904); *Plasko* v. *Orser,* 373 Mass. 40, 41 (1977), wherein the parties agreed by contractual provision that, in addition to the principal amount, "[Krock] shall also be liable for any attorneys' fees and costs incurred by the [plaintiff]."[7] See *American Serv. & Supply Co.* v. *Raby,* 348 Mass. 720, 721 (1965). See also *Beacon Hill Civic Assn.* v. *Ristorante Toscano, Inc.,* 422 Mass. 318, 320 (1996) (" '[T]he general rule of our law is freedom of contract' . . . . That principle rests on the premise that it is in the public interest to accord individuals broad powers to order their affairs through legally enforceable agreements" [citations omitted]); *TAL Financial Corp.* v. *CSC Consulting, Inc.,* 446 Mass. 422, 430 (2006) ("Under freedom of contract principles, generally, parties are held to the express terms of their contract . . .").

"In interpreting a written contract, such as a [promissory note], the court gives full effect to all the terms expressed by the parties.

---

[7]The dictionary definition of the word "incur" is not contrary to our conclusion here. Random House Webster's Unabridged Dictionary 969 (2d ed. 1997) defines the word as "to come into or acquire (some consequence, usually undesirable or injurious)." We believe that this definition would include the time and services expended in the management and trial of an attorney's own cause because this may have amounted to as much pecuniary loss or damage to the attorney as if she had paid another attorney for representation.

The terms stated by the parties will be taken in their plain and ordinary sense unless otherwise indicated by the contract. It is not the role of the court to alter the parties' agreement." *Rogaris* v. *Albert*, 431 Mass. 833, 835 (2000) (citations omitted). We are guided by "[j]ustice, common sense and the probable intent of the parties" when interpreting the written agreement. *Fried* v. *Fried*, 5 Mass. App. Ct. 660, 664 (1977), citing *Stop & Shop, Inc.* v. *Ganem*, 347 Mass. 697, 701 (1964). See *Richard Clothing Mfg. Co.* v. *Gutstein-Tuck, Inc.*, 328 Mass. 386, 389 (1952) (contract "must be construed as a whole, giving to the words their natural and usual meaning in the light of the circumstances in which they were employed in order to ascertain the intention of the parties"); 11 Williston, Contracts § 32:5 (4th ed. 1999).

Relying on these principles, we conclude that the phrase "Borrower shall also be liable for any attorneys' fees and costs incurred by the Lender" includes attorney's fees associated with collecting the judgment. We disagree with the defendants' semantic argument concerning plaintiff's "suit on judgment" as compared to the note. This argument merely favors form over substance, as it ignores that the fundamental purpose of the phrase is to permit attorney's fees if Krock defaulted. It is well settled that the attorney's fees and costs incurred in enforcing a note are an anticipated and necessary component of the collection process, and they are recoverable when, as here, the underlying note calls for their recovery. See *Penney* v. *First Natl. Bank*, 385 Mass. 715, 723 (1982) (attorney's fees and costs associated with counterclaims and defenses of claims asserted by debtor are recoverable by note holder). Under the circumstances of this case, where the lawsuit involves the collection of attorney's fees associated with the enforcement of judgment, and the defendants' refusal to pay the judgment necessitated further legal action, the additional attorney's fees incurred in collection of the judgment were "within the fee provision[] of the note[]." *Id.*

The context of the phrase is important, as it is contained in the "DEFAULT" section of the note, which anticipates Krock failing to pay the balance of the note. The preceding (and undisputed) sentence involves the parties' consent to an entry of judgment against Krock. The parties anticipated that the plaintiff would accrue attorney's fees if judgment were entered.

Based on the language contained in the "DEFAULT" section of the note, and not knowing if Krock might default in two years, the parties agreed that Krock "shall also" be liable for "any" attorney's fees and costs. Looking at the term's plain and ordinary meaning, Webster's Third New Intl. Dictionary 97 (2002) defines "any" as "all," which is "used as a function word to indicate the maximum or whole of a number or quantity." See *Sciaba Constr. Corp.* v. *Frank Bean, Inc.*, 43 Mass. App. Ct. 66, 69 (1997) (interpreting " 'any Subcontractor' in the indemnity clause to mean precisely that, any subcontractor, whether employed by [the plaintiff] or by [the defendant]"). Therefore, we conclude that the parties intended "any" attorney's fees and costs to mean "all" attorney's fees incurred as expenses of the collection process. See *Penney* v. *First Natl. Bank*, 385 Mass. at 723. See also *Yorke Mgmt.* v. *Castro*, 406 Mass. 17, 18-19 (1989) (one exception to American rule that prevailing party is not entitled to attorney fees is "pursuant to a valid contractual provision or stipulation").

Lastly, the plaintiff is also entitled to reasonable appellate attorney's fees, as she followed the appropriate procedures by requesting them in her briefs. Within ten days of the issuance of the rescript of this opinion, the plaintiff may file with this court a petition for appellate attorney's fees and costs of appeal in accordance with the procedure described in *Yorke Mgmt.* v. *Castro*, *supra* at 20. The defendant shall have ten days thereafter to file a response.

For the foregoing reasons, the judgment is affirmed.

*So ordered.*