

FILED

Apr 26 2016, 8:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT
MARION COUNTY ELECTION BOARD

Benjamin J. Church
Indianapolis, Indiana

ATTORNEY FOR APPELLANT MARION
COUNTY BOARD OF VOTER REGISTRATION

Andrew J. Mallon
Indianapolis, Indiana

APPELLEE, PRO SE

Gregory Bowes
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marion County Election Board and
Marion County Board of Voter
Registration,

*Appellants-Defendants,*

v.

Gregory Bowes, Mark King, Paul
Ogden, Zach Mullholland, and
Brian Cooper,

*Appellees-Plaintiffs.*

April 26, 2016

Court of Appeals Case No.
55A04-1507-PL-820

Appeal from the Morgan Circuit Court

The Honorable Matthew G. Hanson,
Judge

Trial Court Cause No.
55C01-1207-PL-1476

**Pyle, Judge.**

## Statement of the Case

[1] Appellants/Defendants, the Marion County Board of Voter Registration ("MCVR") and Marion County Election Board ("MCEB"), appeal the trial court's award of attorney fees to Appellee/Plaintiff, Gregory Bowes ("Bowes"), an attorney who litigated a claim pro se under the Indiana Access to Public Records Act ("APRA"). Bowes also cross-appeals. At trial, the trial court concluded that Bowes could not recover attorney fees under APRA for his successful APRA claim because he had litigated the claim pro se. Nevertheless, the trial court awarded Bowes "expenses of litigation" reflecting an hourly rate for the amount of hours he had spent litigating his claim to compensate him for his lost opportunities and employment as an attorney.

[2] On appeal, the MCVR argues that the trial court's litigation expenses award was essentially an improper award of attorney fees and, alternatively, that the trial court erred in allowing Bowes to recover litigation expenses for his lost opportunities and employment. On cross-appeal, Bowes argues that the trial court erred in denying his request for attorney fees and abused its discretion in determining the amount of his litigation expenses. Because we conclude that Bowes was not entitled to recover attorney fees under APRA as a pro se attorney or litigation expenses for missed work and other opportunities for employment, we reverse the trial court's decision. We remand with instructions for the trial court to vacate Bowes' prior award of litigation expenses and to enter an award of $975.14 for his remaining court costs and litigation expenses.

We reverse and remand with instructions.

## Issues

1. Whether the trial court inappropriately denied Bowes' request for attorney fees.

2. Whether the trial court erred in awarding Bowes litigation expenses for his missed work and other opportunities for employment.

## Facts

Bowes is an attorney in good standing in Indiana. On March 5, 2012, he submitted a request to the MCVR asking for access, pursuant to APRA, to electronic records containing information on Marion County voters.[1] The MCVR responded to the request, stating that it could not provide copies of voter registrations because the MCEB had not yet adopted a uniform policy on the issue as required by the Indiana Code. The MCVR asserted, however, that its response did "not constitute a denial of public records access." (App. 11). Instead, it was an "acknowledgment" that there was a condition required by statute that had to be fulfilled before the MCVR could respond more fully. (App. 11).

---

[1] Specifically, he requested, among other information: "the last name, first name, middle initial or name, address, voter registration number, township precinct, suffix, telephone number, electronic email address, date of birth, registration date, status, gender, and primary election and general election voting history, for every currently registered voter in Marion County." (App. 11).

[5] Subsequently, Bowes requested an opinion on the matter from the Indiana Public Access Counselor ("PAC"). The PAC issued an advisory opinion on March 30, 2012. In the opinion, the counselor agreed that the MCVR could not respond to a public access request until the MCEB adopted a uniform policy as required by the Indiana Code. However, the PAC advised the MCEB to take action immediately to adopt a policy and emphasized that "the county election board may not refuse to adopt a policy as a way to avoid addressing a request for a copy of information." (App. 11).

[6] After the PAC issued its advisory opinion, Bowes and other plaintiffs filed a complaint with the trial court, alleging that the MCVR had violated APRA by refusing to produce requested public records.[2] The trial court held a bench trial on the issue on April 8, 2014 and August 28, 2014, where Bowes represented the other plaintiffs and himself pro se. The trial court ruled that the MCVR had violated APRA and was required to produce the records the plaintiffs had requested. In addition, it held that Bowes was entitled to an award of attorney fees as the prevailing party under APRA, and it scheduled a subsequent hearing to determine a reasonable amount of fees to award him.

[7] On June 12, 2015, the trial court held a hearing on the issue of attorney fees. At the hearing, Bowes testified that he was beginning his thirty-first year of practice and that he charged an hourly fee of $250. In addition, Bowes noted that he

[2] Although there were multiple plaintiffs to the APRA claim, only Bowes is cross-appealing the issue of attorney fees.

had prior experience with APRA. Specifically, he had worked for fourteen months advising the Indiana Department of Insurance about public records requests. He had also been elected County Assessor for Marion County and had been in charge of the agency's response to public records requests. Finally, Bowes noted that he had taken several steps throughout the litigation to minimize the time and expense for all of the parties.

[8] As exhibits, Bowes introduced evidence that one of the defendants' attorneys, who had less experience than he, charged an hourly rate of $215 per hour. He also introduced: (1) computer records for his time spent on the action; (2) his receipt for the filing fee; and (3) an invoice for two depositions for which he paid.

[9] In their closing arguments, the MCVR and Bowes disputed whether Bowes could receive an award of attorney fees, as well as the amount for a reasonable fee award. The MCVR argued that Bowes could not receive attorney fees under Indiana law as a pro se plaintiff, even though he was an attorney. Alternatively, it argued that Bowes' requested award (his hourly rate multiplied by the hours he spent on the case) was too high because he had spent some of those hours on the other four plaintiffs to the action or in response to the other defendant, the MCEB.

[10] Bowes countered that the trial court could award attorney fees. As for the amount of attorney fees, he noted that, even though his time records related to four plaintiffs besides himself, and a defendant other than the MCVR, the other

co-plaintiffs were "coat-tailing along with [his] case and it was really [his] case that was being litigated." (Tr. 26). In total, Bowes requested "just short of [$]47,000" in attorney fees. (Tr. 27).

[11] At the conclusion of the hearing, the trial court took the matter under advisement. On June 16, 2015, it entered an order denying Bowes' request for attorney fees but awarding him $7,456.74 in "reasonable litigation expenses," plus $975.14 for his undisputed filing fees and deposition costs. (App. 34). It denied the attorney fees request because it had reconsidered its prior determination that Bowes could recover attorney fees and agreed with the MCVR that it could not award attorney fees to a pro se attorney plaintiff under Indiana law.

[12] Nevertheless, the trial court concluded that Bowes should be compensated for "missed work, other opportunities for employment[,] and [his] simple ability to do whatever he wanted other than fighting a government wrong." (App. 33). Accordingly, the trial court construed Bowes' hours of missed work as litigation expenses, which are recoverable under APRA. The court determined that Bowes had spent 35.35 hours of his time on his own behalf—rather than on behalf of his co-plaintiffs—in his claim against the MCVR, and it multiplied that number of hours by a rate of $211 per hour, which was the hourly amount the MCVR had paid its defense attorney. The MCVR now appeals, and Bowes cross-appeals.

# Decision

On appeal, the MCVR argues that, in essence, the trial court's award for missed work and other opportunities for employment constituted an award of attorney fees rather than litigation expenses. It argues that the trial court erred in awarding the de facto attorney fees because attorney fees are not recoverable by pro se attorney litigants under APRA. Alternatively, the MCVR argues that the trial court erred in awarding Bowes litigation expenses for his missed work and other opportunities for employment.

On cross-appeal, Bowes argues that the trial court erred in denying his request for attorney fees. He also argues that, if we instead construe the litigation expenses as attorney fees, the trial court abused its discretion in awarding him a lesser amount of attorney fees than the almost $47,000 he had requested. Neither party disputes that Bowes was the prevailing party or that APRA governs whether he may receive attorney fees. Because we determine that the issue of whether Bowes may recover attorney fees is dispositive to the MCVR's first issue on appeal and Bowes' first issue on cross-appeal, we will address that issue first.

## 1. Attorney Fees

In resolving the MCVR's issue regarding whether Bowes, as a pro se attorney, may recover attorney fees, we first note that the trial court's decision was based on its interpretation of legal precedent and APRA. Appellate courts review questions of law under a de novo standard. *South Bend Tribune v. South Bend*

*Cmty. School Corp.*, 740 N.E.2d 937, 938 (Ind. Ct. App. 2000). This means that we owe no deference to a trial court's legal conclusions. *Id.*

[16] Indiana follows the "American Rule," under which each party is ordinarily responsible for paying his or her own legal fees in the absence of a fee-shifting statutory or contractual provision. *H & G Ortho, Inc. v. Neodontics Intern, Inc.*, 823 N.E.2d 734, 737 (Ind. Ct. App. 2005). Here, however, there is a statutory provision providing for the payment of attorney fees. APRA states that: "In any action under this section, a court shall award reasonable attorney's fees, court costs, and other reasonable expenses of litigation to the prevailing party if . . . the plaintiff substantially prevails." I.C. § 5-14-3-9(i). The MCVR argues that this provision does not apply because, even though Bowes was an attorney, he was also a pro se plaintiff, and generally pro se plaintiffs may not recover attorney fees. *See Smith v. Maximum Control Facility*, 850 N.E.2d 476, 479 n.6 (Ind. Ct. App. 2006).

[17] We agree with MCVR because, despite prevailing on the merits, Bowes is not entitled to recover attorney fees as there are none to recover. Even if a pro se litigant happens to be a lawyer, no attorney fees are earned unless independent counsel is engaged. As the United States Supreme Court recognized in *Kay*, "the word 'attorney' assumes an agency relationship," one that cannot exist between an appellant and himself. *Kay v. Ehrler*, 499 U.S. 432, 435-36 (1991). The *Kay* Court highlighted the point by noting several definitions of the word "attorney," all of which emphasize the agency aspect:

The definition of the word "attorney" in Webster's Dictionary reads as follows:

> "[O]ne who is legally appointed by another to transact business for him; *specif*: a legal agent qualified to act for suitors and defendants in legal proceedings."  Webster's New Collegiate Dictionary 73 (1975).

Other dictionaries, both popular and specialized, also emphasize the agency relationship between an attorney and his client in their definitions of "attorney."  See, *e.g.*, American Heritage Dictionary 140 (Second College ed. 1982) ("A person legally appointed to act for another, esp. an attorney at law");  Black's Law Dictionary 128 (6th ed. 1990) ("[A]n agent or substitute, or one who is appointed and authorized to act in the place or stead of another.  An agent, or one acting on behalf of another"); 1 Compact Edition of the Oxford English Dictionary 553 (1981 ed.) ("One appointed or ordained to act for another; an agent, deputy, commissioner").

*Id*. at 435 n.6.

[18] Moreover, our Indiana Supreme Court adopted additional language from *Kay* verbatim, noting the sound policy behind not awarding attorney fees to pro se litigants:

> In the end, we agree with the Court of Appeals that the overriding statutory concern is the interest in obtaining independent counsel for victims of civil rights violations.  We do not, however, rely primarily on the desirability of filtering out meritless claims.  Rather, we think Congress was interested in ensuring the effective prosecution of meritorious claims.
>
> Even a skilled lawyer who represents himself is at a disadvantage in contested litigation.  Ethical considerations may make it inappropriate for him to appear as a witness.  He is deprived of

the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom.  The adage that "a lawyer who represents himself has a fool for a client" is the product of years of experience by seasoned litigators.

A rule that authorizes awards of counsel fees to *pro se* litigants—even if limited to those who are members of the bar—would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf.  The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.

*Miller v. West Lafayette Cmty. Sch. Corp.*, 665 N.E.2d 905, 906-07 (Ind. 1996) (quoting *Kay*, 499 U.S. at 437-38).

[19] Bowes argues that we should reconsider this language in *Kay* and *Miller* because an attorney litigant will not necessarily receive better representation by hiring independent counsel than by litigating pro se.  He also argues that a pro se attorney would be in a much better position to evaluate the merits of a potential claim, therefore mitigating the *Kay* Court's "goal of discouraging frivolous litigation." (Bowes' Br. 10).  We are not persuaded by either of these arguments because Bowes has misconstrued the *Kay* Court's goal.  The *Kay* Court specifically stated that the overriding concern was for litigants to obtain "*independent* counsel," not "better" counsel.  *Kay*, 499 U.S. at 437.  The court noted that "[e]ven a skilled lawyer who represents himself is at a disadvantage in contested litigation." *Id.*  As examples, the court noted that it could be

unethical for a pro se attorney to appear as a witness and that a pro se attorney could not receive the judgment of an independent third party. *Id.* Neither of these examples relates to the skill of the independent counsel. Further, with regards to Bowes' second argument, the *Kay* Court explicitly stated that it was *not* relying on the "desirability of filtering out meritless claims."[3] *Id.*

[20] Regardless of *Kay* and *Miller*, Bowes notes that this court affirmed the award of attorney fees to a pro se attorney litigant in *Ziobron v. Crawford*, 667 N.E.2d 202 (Ind. Ct. App. 1996), *trans. denied*. The factual context of *Ziobron* is dissimilar, however, and so it is easily distinguished from this case. In *Ziobron*, the appellant was an attorney who attempted to collect a debt for a client and was later sued by the debtor for violating the federal Fair Debt Collection Protection Act. *Id*. at 204-05. After the lawsuit was voluntarily dismissed, Ziobron sued for malicious prosecution among other claims, seeking to recover an award of attorney fees for defending himself against the allegedly frivolous lawsuit. *Id*. at 207. We adopted the majority rule that an attorney representing himself would be able to recover an award of attorney fees for the time and trouble of defending against a frivolous lawsuit. *Id*. at 208.

[21] Although another panel of this Court awarded attorney fees in *Ziobron*, we first disagree with the *Ziobron* Court's characterization of Ziobron's potential

---

[3] Bowes also argues that "forcing an attorney litigant to engage another attorney" may violate the Indiana Rules of Professional Conduct. (Bowes' Br. 10). However, that argument is not on point because *Kay* and *Miller* do not force attorney litigants to hire independent counsel—they merely provide that pro se attorney litigants may not recover attorney fees for choosing not to hire independent counsel.

compensation as "attorney's fees." *See id.* at 208. Again, use of the word "attorney" indicates an agency relationship between lawyer and client, which did not exist in *Ziobron*. Also, the *Ziobron* Court noted in *Ziobron* that the fees were not awarded as the result of a fee-shifting statute but instead "represent[ed] the damages Ziobron [had] allegedly suffered as the victim of a tort." *Id.* Most importantly, however, the rationale underlying *Kay* and *Miller* did not apply in *Ziobron*. The main reason stated in *Kay* for denying awards of "attorney's fees" to pro se litigants was to encourage victims of civil-rights violations to obtain independent counsel. *Ziobron* involved no such lofty considerations, as it was merely a simple claim of malicious prosecution. There is no statutory policy to encourage the successful prosecution of meritorious malicious prosecution claims, and there is no obvious and compelling public policy at play. So, while it is true that *Ziobron* dealt with the potential award of "attorney fees" to a pro se lawyer-litigant, we do not find that *Ziobron* applies here. Instead, as in *Kay* and *Miller*, we conclude that a pro se attorney may not receive an award of attorney fees under APRA.

### 2. Litigation Expenses

Next, MCVR argues that the trial court erred in awarding Bowes litigation expenses for his missed work and other opportunities for employment. As stated above, APRA provides that "[i]n any action under this section, a court shall award reasonable attorney's fees, court costs, and *other reasonable expenses of litigation* to the prevailing party if … the plaintiff substantially prevails." IND. CODE § 5-14-3-9(i) (emphasis added). Based on this provision, the trial court

awarded Bowes $147.00 for his filing fee, $828.14 for his deposition costs, and $7,456.74 for his "missed work, other opportunities for employment[,] and [his] simple ability to do whatever he wanted other than fighting a government wrong." (App. 33). The MCVR does not dispute that Bowes is entitled to his award for his filing fee or deposition costs. It contends, however, that Indiana law does not recognize missed work, missed opportunities for work, or the missed ability to participate in activities other than the litigation to be either litigation expenses or costs. Bowes responds that such opportunity costs do qualify as recoverable litigation expenses.

[23] While the parties do not direct us to any Indiana cases directly on point, "expense" may be defined as "the amount of money that is needed to pay for or buy something [or] something on which money is spent[.]" *www.merriam-Webster.com/dictionary/expense* (last visited, April 7, 2016). There is no dispute that Bowes actually spent (or received a bill for) $828.14 for deposition costs, which would make that an expense. In contrast, Bowes paid no money when he forewent potential business opportunities in order to pursue this litigation. Quite simply, such speculative opportunity costs are not "expenses" as the term is commonly understood. Bowes cites to no authority to suggest otherwise. Accordingly, we reverse that portion of the trial court's award of litigation expenses related to Appellant's opportunity costs in pursuing this litigation and

remand with instructions to award Appellant $975.14 in court costs and litigation expenses.[4]

Reversed and remanded with instructions.

Baker, J., and Bradford, J., concur.

---

[4] Because we conclude that Bowes may not recover an award for his missed work and other opportunities, either as attorney fees or litigation expenses, we need not address whether the trial court's award for litigation expenses was a de facto award of attorney fees or whether the trial court abused its discretion in determining the amount of fees to award Bowes.