CARROLL, J.
*181 ¶ 1. In this appeal, we address whether plaintiff, a substantially prevailing self-represented litigant in a case brought under the Vermont Access to Public Records Act (PRA), is entitled to attorney's fees because he is an attorney. The civil division of the superior court denied plaintiff's request for attorney's fees. On appeal, plaintiff argues that he is entitled to attorney's fees based on the plain language of the relevant PRA provision, the purpose of the Act, and the public policy underlying the Act. We join the vast majority of jurisdictions construing similar acts in concluding that the PRA's plain language and purpose foreclose granting attorney's fees to substantially prevailing self-represented litigants, regardless of whether they happen to be attorneys. Accordingly, we affirm the superior court's decision.
¶ 2. The facts are not in dispute. In May 2015, plaintiff submitted a PRA request to defendant, the Vermont Attorney General at the time, seeking, among other things, several years of responsive records from multiple employees and officials in the Office of the Attorney General (AGO) regarding communications with, or documents related to, various individuals and domain names. Plaintiff's request included communications received or sent on state employees' private email accounts. The AGO retained an outside contractor at plaintiff's expense to identify emails subject to plaintiff's request and produced records on a rolling basis but ultimately denied the request with respect to communications sent through its employees' private emails. Plaintiff filed a PRA action in superior court, seeking declaratory and injunctive relief. The superior court granted the AGO's motion for summary judgment, and plaintiff appealed.
¶ 3. On appeal, we reversed the superior court's summary judgment ruling and remanded the matter for further proceedings. We held "that the PRA's definition of 'public record' includes digital documents stored in private accounts, but ... only [those] documents that otherwise meet the definition of public records." Toensing v. Attorney General, 2017 VT 99, ¶ 1, 206 Vt. 1, 178 A.3d 1000. Recognizing the need to strike a balance between protecting state workers' privacy and making state agencies accountable for their actions, we determined that an adequate search would require the AGO to have in place policies: (1) minimizing the use of personal accounts to conduct agency business; (2) training employees to distinguish between private and public records; (3) requiring employees to provide public records within their control and to explain how those records were segregated from nonpublic records; and (4) providing for the disclosure of requested nonexempt public records submitted by state employees from private email accounts. Id. ¶ 36. Accordingly, we required the AGO in this case "to ask specified state employees to provide public records from their personal accounts in response to plaintiff's public records request." Id. ¶ 1.
¶ 4. On remand, plaintiff filed a motion for costs and attorney's fees pursuant to 1 V.S.A. § 319(d)(1), which provides that "the court shall assess against the public agency reasonable attorney's fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." Defendant opposed the motion, arguing *182 that self-represented litigants may not recover attorney's fees under the plain language of the statute, that neither party substantially prevailed in the litigation, and that plaintiff may not recover the costs that he seeks.
¶ 5. The superior court granted plaintiff's motion in part and denied it in part. The court concluded that plaintiff had substantially prevailed in the litigation and thus was entitled to costs other than computer-assisted research costs, which the court considered to be a component of attorney's fees. However, upon examining the language of § 319(d), analogous federal Freedom of Information Act (FOIA) cases, and the U.S. Supreme Court case relied on in those cases, the superior court concluded that substantially prevailing self-represented plaintiffs may not recover attorney's fees under the PRA, even if they happen to be attorneys. Accordingly, the court denied plaintiff's request for attorney's fees. The court also ruled that plaintiff is not entitled to recover attorney's fees for work performed by his law firm colleagues at his direction because there was no independent attorney-client relationship.
¶ 6. On appeal, plaintiff argues that the superior court erred in ruling that § 319(d)(1) does not allow the assessment of attorney's fees to a self-represented licensed attorney who substantially prevailed in a PRA action. Defendant supports the superior court's decision with respect to attorney's fees and does not challenge the court's conclusions that plaintiff, as the substantially prevailing party, is entitled to costs other than computer-assisted research costs.
¶ 7. The issue in this appeal, which concerns statutory interpretation, is a pure question of law that we review without deference to the superior court's decision. In re D.C., 2016 VT 72, ¶ 6, 202 Vt. 340, 149 A.3d 466 ("Questions of statutory interpretation are pure questions of law that we review de novo." (quotation and alteration omitted)). Our paramount task in construing statutes "is to ascertain and implement the legislative intent." McClellan v. Haddock, 2017 VT 13, ¶ 13, 204 Vt. 252, 166 A.3d 579. In determining that intent, we first look to the plain language of the statute. Id. If the legislative intent is clear from that language, we enforce the statute according to its terms; however, if the language is ambiguous, we may infer intent from the statute's subject matter, purpose, effects, and consequences. Id. ; see Herald Ass'n v. Dean, 174 Vt. 350, 354, 816 A.2d 469, 474 (2002) ("Where the Legislature's intent can be ascertained from the plain meaning of the statute, we interpret the statute according to the words the Legislature used."). "The Legislature is presumed to have intended the plain, ordinary meaning of the adopted statutory language." Springfield Terminal Ry. v. Agency of Transp., 174 Vt. 341, 346, 816 A.2d 448, 453 (2002). Accordingly, "[w]ords not defined within a statute are given their plain and ordinary meaning, which may be obtained by consulting dictionary definitions." Brisson Stone, LLC v. Town of Monkton, 2016 VT 15, ¶ 19, 201 Vt. 286, 143 A.3d 550 ; accord Pease v. Windsor Dev. Review Bd., 2011 VT 103, ¶ 18, 190 Vt. 639, 35 A.3d 1019 (mem.) (construing term in PRA).
¶ 8. In its entirety, § 319(d) provides as follows:
(1) Except as provided in subdivision (2) of this subsection, the court shall assess against the public agency reasonable attorney's fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.
(2) The court may, in its discretion, assess against a public agency reasonable *183 attorney's fees and other litigation costs reasonably incurred in a case under this section in which the complainant has substantially prevailed provided that the public agency, within the time allowed for service of an answer under V.R.C.P. 12(a)(1) :
(A) concedes that a contested record or contested records are public; and
(B) provides the record or records to the complainant.
(3) The court may assess against the complainant reasonable attorney's fees and other litigation costs reasonably incurred in any case under this section when the court finds that the complainant has violated V.R.C.P. 11.
¶ 9. Plaintiff argues that he is entitled to attorney's fees pursuant to the plain meaning of the provision because § 319(d)(1), which is applicable in this case, makes the award of attorney's fees mandatory and does not include an explicit exception for attorneys representing themselves. He finds support for his argument from the 2011 Amendment that made the award of attorney's fees mandatory under § 319(d)(1) and from the legislative command that the PRA be "liberally construed." 1 V.S.A. § 315(a). He also argues that both the legislative history and public policy underlying the statute militate in favor of awarding attorney's fees to substantially prevailing self-represented attorneys.
¶ 10. We do not find any of these arguments persuasive. The key terms in § 319(d)(1) are defined in Black's Law Dictionary as follows. Attorney's fee is "[t]he charge to a client for services performed for the client, such as an hourly fee, a flat fee, or a contingent fee." Black's Law Dictionary (10th ed. 2014). The primary definition of attorney is "[s]trictly, one who is designated to transact business for another; a legal agent."[1] Id. A fee is "[a] charge or payment for labor or services, esp. professional services." Id. Incur means "[t]o suffer or bring on oneself (a liability or expense)." Id. Each of these terms individually, and more emphatically when read together in the provision, denote an attorney-client relationship in which the plaintiff client is liable for a fee imposed by the attorney representing the client in the PRA litigation. See Omdahl v. W. Iron Cty. Bd. of Educ., 478 Mich. 423, 733 N.W.2d 380, 384-86 (2007) (stating, in disallowing award of attorney's fees to prevailing self-represented attorneys under commonly understood meanings of terms in open-meetings-law statute, that definition of "attorney" connotes agency relationship between client and person representing or advising client in court and that word "fee" is defined as amount charged or paid for professional services); Clarke v. City of Memphis, 473 S.W.3d 285, 293-94 (Tenn. Ct. App. 2015) (citing Black's Law Dictionary definitions of "attorney" and "fee" in construing state public records statute to not allow self-represented attorneys to recover attorney's fees); Jackson v. State Office of Admin. Hearings, 351 S.W.3d 290, 299-300 (Tex. 2011) (citing common meanings of words "incurred," "fee," and "attorney" in concluding that self-represented attorneys are not entitled to recover attorney's fees under state public information statute).[2]
*184 ¶ 11. Plaintiff's arguments seeking to undercut the plain language of the statute are unavailing. He first points out that the Legislature has explicitly indicated that the PRA is to be liberally construed. In its statement of purpose set forth in § 315(a), the Legislature recognizes both individuals' right of privacy in their personal and economic pursuits, as well as the public's interest in being able to review and criticize governmental decisions even though it might cause inconvenience or embarrassment. Consistent with these principles, the Legislature "declares that certain public records shall be made available to any person as hereinafter provided," and then pronounces that "the provisions of this subchapter shall be liberally construed to implement this policy." § 315(a). But liberally construing the PRA provisions does not mean ignoring the plain meaning of the language within those provisions, which we assume imparts the legislative intent. The provisions are to be liberally construed to implement the policy that public records are to be made available for inspection as set forth in the PRA. Even if we were inclined to liberally construe § 319(d) in a manner that was contrary to the common definitions of its terms, plaintiff has failed to demonstrate that not allowing self-represented attorneys to recover attorney's fees-the same as for other self-represented litigants-would undermine the policies set forth in § 315(a). See State ex rel. Young v. Shaw, 165 Wis.2d 276, 477 N.W.2d 340, 348 (Wis. Ct. App. 1991) (stating that "it is not necessary that [attorney's] fees be awarded to [self-represented] litigant-attorneys" to achieve "[t]he primary purpose of the open records law[, which] is to ensure an informed electorate"); cf. Pease, 2011 VT 103, ¶ 18, 190 Vt. 639, 35 A.3d 1019 ("While plaintiff is correct that the PRA requires liberal construction to facilitate disclosure, plaintiff makes no argument as to how a determination that the Zoning Administrator was the [Development Review Board's] record custodian in any way hindered disclosure and in fact admits he has received all requested documents." (citation omitted)).
¶ 12. Plaintiff also argues that the Legislature's use of the word "shall"-and more particularly the fact that the Legislature amended § 319(d) in 2011 to substitute the word "shall" for the word "may"-demonstrates that the Legislature intended attorney's fees to be mandatory for prevailing parties. This argument runs counter to plaintiff's position that only prevailing self-represented attorneys-and not other prevailing self-represented litigants-are entitled to recover attorney's fees. In any event, whether attorney's fees are mandatory or discretionary is unrelated to the question of whether self-represented attorneys may recover attorney's fees under § 319(d). The 2011 Amendment made attorney's fees mandatory for substantially prevailing plaintiffs unless, within the time allowed for service of an answer, the public agency conceded that the requested records were public and provided the records *185 to the plaintiff, in which case attorney's fees were discretionary with the trial court. See 2011, No. 59, § 5. Compare § 319(d)(1), with § 319(d)(2). Thus, pursuant to the 2011 Amendment, whether attorney's fees are mandatory or discretionary for prevailing plaintiffs depends on the response of the agency and has nothing to do with the status of the person who requested the records. Indeed, whether attorney's fees were mandatory or discretionary in public records laws construed by other courts had no impact whatsoever on those courts' determinations that self-represented attorneys could not recover attorney's fees under those laws. Compare Marion Cty. Election Bd. v. Bowes, 53 N.E.3d 1203, 1207 (Ind. Ct. App. 2016) (holding that prevailing self-represented attorney in public records case could not recover attorney's fees under statute requiring court to award attorney's fees to prevailing party because "there are none to recover"), and Jackson, 351 S.W.3d at 299-300 (same), with Hamer v. Lentz, 132 Ill.2d 49, 138 Ill.Dec. 222, 547 N.E.2d 191, 195, 198 (1989) (holding that prevailing self-represented attorney in state FOIA case is not entitled to award of attorney's fees under statute giving court discretion to assess attorney's fees if specified criteria met), and Clarke, 473 S.W.3d at 293-94 (prohibiting award of attorney's fees to prevailing self-represented attorney under public records law giving court discretion to award fees).[3]
¶ 13. We find no merit to plaintiff's argument that allowing prevailing self-represented attorneys to recover attorney's fees is supported by the PRA's legislative history. To the extent that we even need to consider the Act's legislative history in light of the common meaning of its terms, plaintiff has failed to cite any legislative history that supports the notion that the Legislature intended self-represented attorneys to recover attorney's fees. Plaintiff states that when the 2011 Amendment was proposed, the then-governor's counsel told the Senate Committee on Government Operations that making attorney's fees obligatory was necessary to "help give the law teeth." He cites comments by the state archivist to the same committee indicating that changing the fee provision from permissive to mandatory would improve access to public records. He also points to a rejected amendment that would have weakened the fee provision in several ways, including by not allowing the assessment of fees unless the public agency unreasonably withheld the requested records. None of these comments or events even remotely suggest that the Legislature intended to provide attorney's fees to self-represented attorneys.
¶ 14. We find equally meritless plaintiff's argument that he is entitled to fees under rules of statutory construction because there is no specific exception in § 319(d) for attorneys representing themselves. See Shaw, 477 N.W.2d at 348 ("We reject the argument that if a statute fails to expressly preclude an award of fees to a [self-represented] litigant-attorney, the legislature meant to allow it."). In support of this *186 argument, plaintiff points to the exception for mandatory attorney's fees in § 319(d)(2), which makes fees permissive if the agency has turned over the requested records before filing an answer to a complaint seeking the records. The fact that § 319(d) sets forth different circumstances in which attorney's fees are either mandatory or permissive does not demonstrate that the Legislature must have intended to award attorney's fees to self-represented attorneys because § 319(d) does not explicitly state otherwise, especially considering the commonly understood terms in the provision relative to this question. See Shaw, 477 N.W.2d at 348 ("The provision for attorney's fees implies the existence of an attorney-client relationship. If that relationship does not exist, the fees cannot be awarded.").
¶ 15. Finally, we do not find persuasive plaintiff's contention that public policy favors awarding attorney's fees to self-represented attorneys in PRA cases. According to plaintiff, doing so "will bolster the purpose of the law by ensuring an entire class of requesters enjoys the benefits of the mandatory fee provision" and by "punishing a recalcitrant agency." Plaintiff posits that not awarding attorney's fees to self-represented attorneys will discourage that class of requestors from making requests and will encourage agencies to deny the requests that are made.
¶ 16. Plaintiff's public-policy arguments are similar to those refuted by virtually all federal and state courts construing the federal FOIA and state public records laws. Undeterred, plaintiff asserts that caselaw from other jurisdictions is irrelevant to our construction of § 319(d) but then cites for support out-of-state cases that, with one exception, do not even concern public records laws. He asks us to rely exclusively on Vermont caselaw and the PRA's text and legislative history but fails to provide any actual support for his assertions regarding the public policy underlying the PRA.
¶ 17. The analysis of many courts in other jurisdictions construing fee provisions in public record laws stems from Kay v. Ehrler, 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991). In that case, the U.S. Supreme Court held that self-represented attorneys, like all other self-represented litigants, cannot recover attorney's fees under the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, which gives courts the discretion to award reasonable attorney's fees to prevailing parties in a federal civil rights action. Id. at 437-38, 111 S.Ct. 1435. In so holding, the Court reasoned that: (1) Congress likely "contemplated an attorney-client relationship as the predicate for an award under § 1988" because "the word 'attorney' assumes an agency relationship"; and (2) although § 1988 was generally intended to encourage litigation to protect civil rights, "its more specific purpose was to enable potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights." Id. at 435-36, 111 S.Ct. 1435. In arriving at the second point, the Court adopted the reasoning in a Sixth Circuit case construing the federal FOIA. Id. at 437-38, 111 S.Ct. 1435 (adopting reasoning of Falcone v. I.R.S., 714 F.2d 646 (6th Cir. 1983) ). The Court concluded that § 1988's "overriding statutory concern" was "obtaining independent counsel" primarily to "ensur[e] the effective prosecution of meritorious claims" and secondarily to "filter[ ] out meritless claims." Id. at 437, 111 S.Ct. 1435 (noting that "[e]ven a skilled lawyer who represents himself is at a disadvantage in contested litigation"). The Court declined to construe § 1988 in a manner that would undercut the underlying statutory policy of furthering meritorious claims by "creat[ing] a disincentive to employ counsel whenever such a plaintiff considered *187 himself competent to litigate on his own behalf." Id. at 438, 111 S.Ct. 1435.
¶ 18. Similarly, in Falcone, the Sixth Circuit concluded, in addressing "whether fees should be awarded simply because the [self-represented] plaintiff also happens to be an attorney," that an "award of attorney's fees to successful FOIA plaintiffs was intended to relieve plaintiffs with legitimate claims of the burden of legal costs" rather than "as a reward for successful claimants or as a penalty against the government." 714 F.2d at 647 (noting that, similarly to other self-represented litigants, self-represented attorneys did not incur legal costs and thus "never assumed the burden which Congress intended to ease"); see Aronson v. U.S. Dep't of Hous. & Urban Dev., 866 F.2d 1, 5-6 (1st Cir. 1989) (seeing "no good reason for treating [self-represented] lawyers any differently than [self-represented] laypersons" and opining that doing so would "not only defy the purposes of fee awards under FOIA, but also appear to be especially solicitous for the economic welfare of lawyers," which "is not the type of image that enhances public respect for the bar or judiciary"). Noting that the intent of FOIA's attorney's fee provision was "to encourage potential claimants to seek legal advice before commencing litigation," the court in Falcone reasoned that self-represented attorneys might have the legal expertise but not the "detached and objective perspective necessary to fulfill the aims of the Act." 714 F.2d at 647 (quotation omitted). Another concern the court recognized was "creating a 'cottage industry' for claimants using the Act solely as a way to generate fees rather than to vindicate personal claims." Id. at 648.
¶ 19. Since Kay, virtually all federal and state courts construing attorney's fee provisions in public records laws have held that prevailing self-represented attorneys are not entitled to attorney's fees. Burka v. U.S. Dep't of Health & Human Servs., 142 F.3d 1286, 1289 (D.C. Cir. 1998) ("Virtually all other courts that have considered this issue since Kay have reached a similar conclusion."). Federal circuit courts have rejected attempts to distinguish the Civil Rights Act and FOIA as to whether self-represented attorneys should be allowed to recover attorney's fees. See id. (concluding that " Kay implicitly rejected a distinction between fee claims arising under section 1988 and FOIA by referring with approval to Falcone"); Ray v. U.S. Dep't of Justice, 87 F.3d 1250, 1251, 1251 n. 2 (11th Cir. 1996) (concluding that language and policies underlying Civil Rights Act and FOIA fee-shifting provisions are "substantially similar" and agreeing with Kay "that the word 'attorney' generally assumes some kind of agency (that is, attorney/client) relationship").
¶ 20. With one exception,[4] state courts have followed suit based both on the obvious common definitions of the words "attorney" and "fee," as well as the policy considerations discussed in Kay. See, e.g., Bowes, 53 N.E.3d at 1207 (relying on *188 Kay and common definition of terms in fee provision of public records law in concluding that prevailing self-represented attorney could not recover attorney's fees because there was no attorney-client relationship and no fees to recover); Omdahl, 733 N.W.2d at 384-86 (applying similar reasoning in construing open meetings law) ; Clarke, 473 S.W.3d at 293-94 (applying similar reasoning in construing public records law); Jackson, 351 S.W.3d at 299-300 (applying similar reasoning in construing public information law) ; Shaw, 477 N.W.2d at 348 (applying similar reasoning in construing open records law).
¶ 21. We reject plaintiff's assertion that these federal and state cases construing comparable fee provisions in public records or meetings laws are irrelevant to our analysis in this case.[5] Indeed, in construing the PRA, we have routinely considered-even if we ultimately declined in some cases to adopt-federal courts' interpretations of FOIA provisions. See, e.g., Rueger v. Nat. Res. Bd., 2012 VT 33, ¶¶ 14, 16, 191 Vt. 429, 49 A.3d 112 (declining to adopt under PRA "deliberative process privilege" recognized under federal law interpreting FOIA because plain language of PRA cannot be read other than to exempt "all judicial or quasi-judicial deliberations" and "does not purport to incorporate a deliberative process privilege"); Dean, 174 Vt. at 353-54, 816 A.2d at 473-74 (declining to exempt governor from PRA's definition of "agency," given plain meaning of that *189 definition, and noting that U.S. Supreme Court's holding excluding President of United States from FOIA's definition of agency was based on explicit Congressional legislative history); Burlington Free Press v. Univ. of Vt., 172 Vt. 303, 306, 779 A.2d 60, 64 (2001) (declining to "expressly adopt" federal FOIA factors because PRA's fee provision does not include specific factors for trial courts to consider, but acknowledging that federal factors "may be considered along with other relevant factors").
¶ 22. In this case, the language in the federal FOIA's fee provision is not meaningfully different from the language in the PRA's fee provision; thus, the federal courts' interpretation of FOIA's fee provision, as well as other state courts' interpretation of comparable state provisions, may provide persuasive, but not controlling, reasoning for us to consider in construing the PRA's fee provision. In fact, we find persuasive the reasoning by the consensus of federal and state courts on the question of whether § 319(d) allows substantially prevailing self-represented attorneys, but not other self-represented litigants, to recover attorney's fees. The common definition and plain meaning of the key words in § 319(d)(1), whether read in isolation or considered together, make the recovery of attorney's fees for prevailing plaintiffs dependent upon the existence of an agency relationship in which an attorney charges fees for representing a client seeking to obtain public records.
¶ 23. To the extent we need to look beyond the common definitions of the language in the fee provision, nothing in the other sections of the PRA or its legislative history suggest the existence of a public policy with respect to the award of attorney's fees that differs from that discussed in Kay and other federal and state courts construing comparable acts. The policy underlying the PRA's fee provision, as other courts have found with respect to their comparable fee provisions, is not to reward successful litigants or punish recalcitrant agencies,[6] but rather to encourage objectively well-informed, meritorious claims by awarding mandatory or permissive attorney's fees, depending on the agencies' response to the requests, to defray the cost of incurring those fees needed to obtain public records. In short, we discern no basis, either in the language of § 319(d) itself or the public policy underlying the PRA, to interpret the fee provision to grant attorney's fees to self-represented attorneys, but not to other self-represented litigants.
Affirmed.

The secondary definition is "[s]omeone who practices law." Id. Nothing about this definition gives us pause with respect to our above analysis.

Plaintiff argues that the term "reasonably incurred" in § 319(d)(1) refers only to the term "litigation costs" and not to the previous term "attorney's fees," which itself is proceeded by the word "reasonable." Applying the term "reasonably incurred" to both "reasonable attorney's fees" and "litigation costs" does not necessarily create a redundancy, insofar as the amount of attorney's fees could conceivably be reasonable based on the number of hours invested while at the same time fees might not be reasonably incurred based on the nature of the work done. To be sure, the sentence is grammatically ambiguous as to whether "reasonably incurred" applies only to "litigation costs" or to both "litigation costs" and "attorney's fees." On the other hand, it is difficult to comprehend why costs, but not attorney's fees, would need to be incurred. In any event, the word "incurred" is merely cumulative, and not controlling, with respect to our conclusion that the language of § 319(d) strongly indicates that attorney's fees are recoverable only in the context of an attorney-client relationship.

We note that Illinois and Indiana, like Vermont, amended their open records statutes to make attorney's fees mandatory rather than permissive for prevailing plaintiffs, but that change had no impact on the courts' analysis of whether self-represented attorneys were entitled to attorney's fees. See Bowes, 53 N.E.3d at 1207 (construing mandatory fee provision); City of Elkhart v. Agenda: Open Gov't, Inc., 683 N.E.2d 622, 627 (Ind. Ct. App. 1997) (construing permissive fee provision); see also Uptown People's Law Ctr. v. Dep't of Corr., 379 Ill.Dec. 676, 7 N.E.3d 102, 107 (Ill. App. Ct. 2014) (construing mandatory fee provision); Hamer, 138 Ill.Dec. 222, 547 N.E.2d at 195 (construing permissive fee provision).

The one exception is Colby v. Gunson, 349 Or. 1, 238 P.3d 374, 376 (2010), in which the Oregon Supreme Court concluded that the term "attorney's fees" in that state's public records law "means the reasonable value of legal services provided by an attorney in seeking the disclosure of public records," even if the attorney is self-represented. In so holding, the court declined to apply the primary definition of attorney's fees in Black's Law Dictionary, citing its civil rules for the proposition that the ordinary meaning of the term when used in the context of an attorney's fee award "includes the reasonable value of an attorney's services, whether or not the client was required to pay for those services." Id. We do not find persuasive this outlier position, which the Oregon Supreme Court set forth in a brief opinion with little analysis and no discussion or even recognition of the contrary holdings by virtually all other courts construing similar acts.

As noted, plaintiff asserts the irrelevance of other jurisdictions' interpretation of fee provisions in public records laws while offering for this Court's consideration far less relevant caselaw in support of his position. For the most part, the cases he cites involve attorneys attempting to collect fees from former clients or defending against frivolous lawsuits. See Zick v. Krob, 872 P.2d 1290, 1296 (Colo. App. 1993) (upholding attorney's fees to self-represented attorney defending against "frivolous and groundless" claims pursuant to statute authorizing trial court to award attorney's fees to prevailing party if action is frivolous, groundless, or vexatious); Robbins v. Krock, 73 Mass.App.Ct. 134, 896 N.E.2d 633, 635-36 (2008) (acknowledging Kay but allowing award of attorney's fees to self-represented attorney seeking collection of unpaid legal fees); Hinkle, Cox, Eaton, Coffield & Hensley v. Cadle Co. of Ohio, Inc., 1993-NMSC-010, ¶ 34, 115 N.M. 152, 848 P.2d 1079 (allowing award of attorney's fees to self-represented attorneys seeking to collect legal fees for services rendered); Stiles v. Kearney, 168 Wash.App. 250, 277 P.3d 9, 16 (2012) (acknowledging Kay, but concluding that its reasoning did not apply where trial court determined that defamation action brought against self-represented attorney was frivolous and subject to Rule 11 sanctions). These cases have no bearing on the issue presented to us in this appeal. See Pickholtz v. Rainbow Techs., Inc., 284 F.3d 1365, 1375-76 (Fed. Cir. 2002) (distinguishing objectives of awarding attorney's fees pursuant to rule allowing sanctions for discovery violations, as opposed to awarding attorney's fees pursuant to fee provisions in FOIA and Civil Rights Act); Massengale v. Ray, 267 F.3d 1298, 1302-03 (11th Cir. 2001) (acknowledging distinct purposes underlying Rule 11 and fee provision of FOIA, but nevertheless concluding that self-represented litigants, including self-represented attorney in that case, may not recover attorney's fees as Rule 11 sanction because no legal fees are incurred by self-represented attorney); Harkleroad v. Stringer, 231 Ga.App. 464, 499 S.E.2d 379, 382 (1998) (awarding attorney's fees to self-represented attorney under abusive litigation statute, which is aimed at deterring vexatious litigation, and distinguishing cases brought under FOIA and Civil Rights Act); Bowes, 53 N.E.3d at 1207-09 (concluding that self-represented attorney prevailing in action under public records law was not entitled to attorney's fees under law's fee provision, and "easily" distinguishing case allowing for award of attorney's fees to self-represented attorney defending against frivolous lawsuit); FMB-First Nat'l Bank v. Bailey, 232 Mich.App. 711, 591 N.W.2d 676, 682 (1998) (distinguishing Kay and progeny and stating that "policy grounds underlying the award of attorney's fees under Rule 11 ... are different from those underlying 42 USC § 1988"); cf. 1 V.S.A. § 319(d)(3) (allowing court to assess attorney's fee against requester "when the court finds that the [requestor] has violated V.R.C.P. 11").

We note that any recovery of attorney's fees from an agency would not come out of the pocket of the custodian of the withheld public record. See Hamer, 138 Ill.Dec. 222, 547 N.E.2d at 196 ("[T]hose persons making the decision to refuse to release information will not be punished, since the fees will come out of public funds."). Notably, the PRA has a provision for imposing disciplinary action against agency personnel when the court finds "that the circumstances surrounding the withholding raise questions whether the agency personnel acted arbitrarily or capriciously with respect to the withholding" of requested public records. 1 V.S.A. § 320(a).